Ex parte Thomas H.
**KILBERG, Petitioner.**

**No. 08–90–00088–CV.**

Court of Appeals of Texas,
El Paso.

Nov. 28, 1990.

Douglas M. O'Brien, Moen, Cain, Royce & O'Brien, Houston, for appellant.

Leona M. Franklin; Laura S. Portwood, Asst. City Attys., and William Delmore, III, Asst. Dist. Atty., Houston, for appellees.

Before OSBORN, C.J., and KOEHLER and FULLER, JJ.

## OPINION

KOEHLER, Justice.

This is an appeal from an order denying expunction of the records of Petitioner's arrest for the offenses of public lewdness and possession of cocaine and of his subsequent indictment for the felony offense of possession of cocaine. We affirm.

The undisputed facts are that the Petitioner, Thomas H. Kilberg, was arrested in Houston, Texas on October 10, 1986 for the two offenses. He was indicted by a grand jury on the possession of cocaine charge on December 8, 1986. In March 1987, he filed a motion to suppress "the arrest-search and all the evidence seized as a result [thereof]." A suppression hearing was held on April 23, 1987, at which time the motion was granted by the court and the indictment dismissed. A petition for expunction pursuant to Tex.Code Crim.Pro. Ann. art. 55.01 (Vernon Supp.1991) then in effect, was filed by the Petitioner in February 1988. Following a hearing, the court denied the petition in an order signed on July 26, 1989. Respondents in this appeal are the Harris County District Attorney, the City of Houston Police Department and the County Attorney for the District Clerk and Harris County Sheriff's Department.

In a single point, Petitioner asserts error by the trial court in failing to order the expunction as a result of the indictment having been dismissed for lack of probable cause at the time of arrest. Put in question is the meaning of that portion of the first section of Article 55.01 which provides that a person is entitled to an expunction of the records:

[I]f an indictment or information charging him with commission of a felony was presented, it has been dismissed and the

court finds that *it was dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;* [Emphasis added].

Petitioner contends that since the indictment was dismissed for "lack of probable cause at the time of arrest and dismissal to believe the offense was committed," he is entitled to an expunction because he has met all of the statutory conditions. *Texas Department of Public Safety v. Wiggins,* 688 S.W.2d 227, 229 (Tex.App.—El Paso 1985, no writ). Respondents, on the other hand, assert that the Petitioner failed to sustain his burden of proving that his felony indictment was dismissed "because the presentment had been made *because of mistake, false information, or other similar reason* indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void[,]" [emphasis added] claiming further that the Petitioner failed to introduce any evidence to that effect.

An analysis of Article 55.01 indicates it was the petitioner's burden to show affirmatively that a "mistake, false information, or other similar reason" caused the presentment and that in turn caused the dismissal. *State v. Sink,* 685 S.W.2d 403, 405 (Tex.App.—Dallas 1985, no writ). In *Sink,* the court held that a finding that the presentment had been made because of mistake or false information requires proof the grand jury based its decision to indict on erroneous facts, and that the phrase "or other similar reason" also means a showing that the grand jury acted on incorrect facts.

Petitioner's exhibits indicate that the dismissal was granted because the motion to suppress, based on an illegal search and seizure, was granted. That motion amounted to an admission by the Petitioner that he did, in fact, possess the illegal substance but claimed that the evidence could not be used because the arresting Houston police officers obtained the evi-

dence illegally as a result of conducting a search without a warrant and without probable cause in violation of the United States and Texas Constitutions. This admission would rule out any "mistake, false information, or other similar reason" scenario. In other words, Petitioner has not carried his burden to show there was no factual underpinning to the presentment and indictment. A showing that the evidence against him was excluded based on procedural grounds is not the same as showing that the fact of his possession was incorrect. Probable cause for a grand jury to believe that a defendant is guilty of an alleged offense is not vitiated by a subsequent dismissal based on the suppression of evidence because of a lack of probable cause to effect a valid search and seizure.

In *Sink*, the "indecency with child" case was dismissed after the court ruled that the three-year-old female complainant was incompetent to testify. In this case, the prosecution obtained a dismissal after the court suppressed the evidence. In neither case was there a showing that the indictment resulted from a mistake, false information or incorrect facts having been presented to the grand jury.

As suggested by Respondents, even if we were to find that lack of probable cause to search and seize the evidence meets the requirements of Article 55.01, Petitioner failed to carry his evidentiary burden to show such a lack. His motion asserted that the arrest and search were illegal because it was conducted without a warrant *and* without probable cause. The record indicates a dismissal of the indictment due to a suppression of the evidence but does not indicate why that evidence was suppressed and no evidence was introduced during the expunction hearing to show whether the evidence was suppressed because the search and seizure took place without a warrant or because the officers lacked probable cause to search. Since there are no findings of fact and conclusions of law in the appellate record, the judgment of the trial court must be affirmed if it can be sustained on any legal theory. *In the Interest of W.E.R.*, 669 S.W.2d 716 (Tex.1984). In this case, the trial court could have concluded that though there was probable cause to conduct a search, the search was illegal because it was conducted without a proper warrant.

Petitioner's sole point of error is overruled. Judgment of the trial court denying the expunction of the records is affirmed.