David Lloyd THOMAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–94–312–CV.

Court of Appeals of Texas,
(Waco).

Dec. 19, 1995.

---

F.W. (Bill) Price, Copperas Cove, for appellant.

Sandy S. Gately, District Attorney, Gatesville, John C. West, Jr., Chief, Legal Services, Tex. Dept. of Public Safety, Austin, Paula Kay Logan, Assistant General Counsel, Tex. Dept. of Public Safety, Austin, for appellee.

Before THOMAS, C.J., and CUMMINGS, and VANCE, JJ.

## OPINION

CUMMINGS, Justice.

Appellant, David Lloyd Thomas, brings three points of error appealing an order denying the expunction of the records of his

arrest and indictment for the felony offense of sexual assault of a child.

On February 3, 1993, Thomas was indicted by a grand jury in Coryell County for sexually assaulting his seventeen-year-old daughter. Several months later, the District Attorney moved to dismiss the indictment on the grounds that the State was unable to corroborate the victim's testimony under article 38.07 of the Texas Code of Criminal Procedure. *See* Act of June 19, 1983, 68th Leg., R.S., ch. 977, § 7, 1983 Tex.Gen.Laws 5317, *amended by* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 12.01, 1993 Tex.Gen. Laws 3765, 3766.

On May 18, 1994, Thomas filed a petition to have his arrest records expunged on the matter. The Texas Department of Public Safety and the District Attorney's office for Coryell County responded for the State. At the expunction hearing, Sandy Gately, the Coryell County District Attorney, testified that the grand jury returned an indictment for sexual assault with a child based on her oral synopsis of a report prepared by the Texas Department of Human Services. In the report, Thomas' daughter, the complainant, alleged that he had sexually abused her. The State did not offer any testimony from workers of the Department of Human Services. Furthermore, the District Attorney did not present testimony from any investigative agency or from the defendant, the victim, or any family members. Gately also stated that, to her knowledge, no one from her office or any police investigation agency had even spoken with any member of the family regarding the allegations against Thomas. When questioned why the indictment was dismissed, Gately responded that the District Attorney's office was unable to corroborate the victim's testimony under article 38.07, which requires that the child victim must have outcried within six months to any person other than the defendant in order for the victim's testimony to be admissible.[1] Moreover, Gately testified that at the time the case was presented to the grand jury, no

one had attempted to find a corroborating witness.

In an effort to refute the State's claims that the indictment was dismissed because of a violation of article 38.07, Thomas attempted to introduce evidence that the presentment of the indictment and subsequent dismissal were actually the result of false accusations made by his daughter to the Department of Human Services. Thomas had planned to call several family members to testify concerning the complainant's allegations. The State objected, and the trial court sustained the objection on the grounds that the evidence was not relevant to an expunction hearing. Thomas then properly preserved his complaint for appeal through an informal bill of exception. In the bill, both parties stipulated that:

> [I]f called to testify on a proffer of evidence, David Lloyd Thomas, Matt Thomas, Solomon Thomas, Paul Thomas, and Martina Thomas, would testify that, at the time the complaints, the subject of cause # 13018, were made by [the complainant] the following facts existed:
>
> 1. [The complainant] was a seventeen year old female residing with her parents, David L. Thomas and Betty Thomas, and her siblings[.] . . .
>
> 2. The siblings were aware of promiscuous behavior by [the complainant].
>
> 3. David L. Thomas attempted to discipline [the complainant] by restricting her movements and associates.
>
> 4. [The complainant] was defiant against these attempts at discipline and had run away from home and had gone to live with Mr. and Mrs. Michael McKenna and other friends.
>
> 5. That [the complainant] was a rebellious adolescent who would lie to get her own way or for revenge.
>
> 6. They know of no occasions which would have raised suspicions in their minds about improper sexual activity between David L. Thomas and [the complainant].

---

1. Article 38.07 of the Texas Code of Criminal Procedure has since been amended by the legislature to exclude the outcry requirement for vic-

tims under 18. Tex.Code Crim.Proc.Ann. art. 38.07 (Vernon Supp.1996).

The State stipulated that the preceding evidence would be given, but did not stipulate as to its veracity. After the offer of proof was presented, the trial court signed a judgment denying relief.

Thomas' three points of error are related. In his first point, he contends that the trial court erred in refusing to allow him to present evidence that the grand jury indicted him based on evidence that was procured by mistake, false information, or other similar reason indicating absence of probable cause. In his second point of error, Thomas claims that the trial court erred in basing its decision on the subjective state of mind of the prosecuting attorney at the time she dismissed the indictment, rather than on an analysis of the surrounding facts and circumstances in determining why the indictment was dismissed. And in point three, Thomas claims that the trial court erred in failing to liberally construe article 55.01 to show that the indictment was procured through mistake, false information, or similar reason indicating an absence of probable cause at the time of dismissal to believe Thomas committed the offense. Thomas asks that we render judgment in his favor, or in the alternative, he asks us to remand the case so that he may put on the additional evidence. We will consider all three points together.

■ In order for evidence to be relevant, it must have probative value that tends to make a particular proposition more or less likely; and that proposition must be of some consequence at trial. Tex.R.Civ.Evid. 401; *Service Lloyds Ins. Co. v. Martin*, 855 S.W.2d 816, 822 (Tex.App.–Dallas 1993, no writ).

■ To obtain reversal of a judgment based upon an evidentiary ruling, the appellant must show that the trial court abused its discretion. *Shenandoah Assocs. v. J & K Properties, Inc.*, 741 S.W.2d 470, 490 (Tex. App.—Dallas 1987, writ denied). The appellant must then show that the error was calculated to cause and probably did cause the rendition of an improper judgment. Tex. R.App.P. 81(b)(1).

■ The right to expunction is neither a constitutional nor common-law right, but rather a statutory privilege. *State v. Autumn Hills Centers, Inc.*, 705 S.W.2d 181, 182 (Tex.App.—Houston [14th Dist.] 1985, no writ). Article 55.01 of the Texas Code of Criminal Procedure provides wrongfully arrested persons the opportunity to expunge their arrest records. Tex.Code Crim.Proc. Ann. art. 55.01 (Vernon Supp.1996); *State v. Knight*, 813 S.W.2d 210, 212 (Tex.App.— Houston [14th Dist.] 1991, no writ). Although article 55.01 is written into the Code of Criminal Procedure, an expunction proceeding is civil rather than criminal in nature, and the burden of proving compliance with the statute rests solely with the petitioner. *Texas Dep't of Pub. Safety v. Katopodis*, 886 S.W.2d 455, 457 (Tex.App.—Houston [1st Dist.] 1994, no writ). In a purely statutorily created cause of action, all the statutory provisions are mandatory and exclusive, and a person is entitled to expunction only when all of the statutory conditions have been met. *Harris County Dist. Attorney's Office v. Burns*, 825 S.W.2d 198, 202 (Tex.App.— Houston [14th Dist.] 1992, writ denied). The court has no equitable power to extend the clear meaning of the statute. *Id.* However, the nature of the expunction statute is remedial, and it should be construed liberally. *State v. Arellano*, 801 S.W.2d 128, 130 (Tex. App.—San Antonio 1990, no writ). The relevant portions of article 55.01 provide:

(a) a person who has been arrested for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

(1) the person is tried for the offense for which the person was arrested and is:

(A) acquitted by the trial court; or

(B) convicted and subsequently pardoned; or

(2) each of the following conditions exist:

(A) an indictment or information charging him with the commission of a felony has not been presented against him for an offense arising out of the transaction for which he was arrested or, *if an indictment or information charging him with the commission of a felony was presented, it has been dismissed and the court*

*finds that it was dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;*

(B) he has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered probation under Article 42.12, Code of Criminal Procedure, nor a conditional discharge under Section 481.109, Health and Safety Code; and

(C) he has not been convicted of a felony in the five years preceding the date of the arrest.

Tex.Code Crim.Proc.Ann. art. 55.01 (emphasis added).

Thomas is entitled to an expunction of his record only if he meets all three requirements of article 55.01(a)(2). All parties agree that Thomas has met the requirements of subsections (B) and (C). The charge of sexual abuse is no longer pending, nor was Thomas subject to court-ordered probation or a conditional discharge of the cause. In addition, Thomas had not been convicted of a felony in the previous five years before his arrest on the sexual assault charge.

However, the parties disagree as to whether Thomas has met the requirements of subsection (A). Subsection (A) requires that the facts relied on in an expunction hearing showing absence of probable cause at the time of dismissal must have been in existence at the time the indictment was issued. *See State v. Sink*, 685 S.W.2d 403, 405 (Tex.App.—Dallas 1985, no writ). The petitioner must show: (1) the indictment was presented due to mistake, false information, or other similar reason indicating a lack of probable cause; and (2) that the prosecution dismissed the cause because of this mistake, false information, or other reason indicating a lack of probable cause. *Harris County Dist. Attorney's Office v. M.G.G.*, 866 S.W.2d 796, 798 (Tex.App.—Houston [14th Dist.] 1993, no writ).

We must first determine if the excluded evidence is relevant to the issue of dismissal. The State claims that the only relevant evidence for determining if the indictment was dismissed for lack of probable cause is the information known to the District Attorney at the time of the dismissal. In effect, the State is arguing that since only the District Attorney's Office can dismiss an indictment, with approval by the trial court, the prosecutor is the only one who has knowledge of the true reason the cause was dismissed. Therefore, only the subjective state of mind of the District Attorney at the time she moved to dismiss is relevant in determining if the indictment was dismissed due to the lack of probable cause.

Surely, the legislature did not intend subsection (A) of article 55.01 to be construed in such a way as to effectively deny a party an expunction when an indictment has been dismissed. If the legislature intended this result, it would not have included subsection (A) in the statute in the first place. The District Attorney's interpretation leads to an absurd result when examined with the rest of the statute. If there had actually been enough evidence to go to trial, and Thomas had been acquitted of the crime, article 55.01 would clearly entitle him to expunction of his arrest record. Likewise, if the case had gone to trial, and Thomas was convicted and served jail time, he would still be entitled to expunction if he was subsequently acquitted by the Court of Criminal Appeals. *See Ex Parte Current*, 877 S.W.2d 833, 839 (Tex. App.—Waco 1994, no writ) (holding that a petitioner is entitled to expunction if an appellate court exonerates the party). However, in the present case, if we were to follow the interpretation given by the District Attorney, Thomas would not be eligible for an expunction of his record, even though there was not even enough evidence to pursue the indictment at a trial.

The Fourteenth Court of Appeals dealt with the same issue in *Harris County Dist. Attorney's Office v. Hopson*, 880 S.W.2d 1 (Tex.App.—Houston [14th Dist.] 1994, no writ). The prosecution argued that expunction is based solely on the prosecutor's sub-

jective reason for dismissal. In reply to the prosecution's argument, the court stated:

> If this were the law, then an expunction hearing would serve no purpose. The judge would simply ask the prosecutor why the indictment was dismissed and enter a judgment accordingly. Fortunately, that is not the law. As previously stated, the expunction court may look beyond the reasons stated in the motion to dismiss and consider all admissible evidence to determine the true reason for dismissal.

*Id.* at 4. The trial court is not limited to reliance solely on the explanation of the District Attorney. To hold otherwise would in effect allow the District Attorney alone to adjudicate expunction and force upon the petitioner an impossible burden.

■ While the District Attorney's explanation for the dismissal of the indictment is indeed relevant, the trial court must consider the entire record in determining if the indictment and dismissal are based upon mistake, false information, or other reason indicating a lack of probable cause at the time of the dismissal. *Metzger v. Houston Police Dep't*, 846 S.W.2d 383, 385 (Tex.App.—Houston [14th Dist.] 1992, writ denied). Evidence that Thomas' daughter fabricated the allegations of sexual abuse is clearly relevant to a determination of the reasons that the indictment was presented and dismissed.

■ Having found that the excluded evidence is relevant, we must now determine if the error resulted in an improper judgment. Assuming that Thomas can show that the indictment was presented because of false information, we must determine if the dismissal of the cause can be attributed to insufficient evidence or whether it is the result of a substantive defect in the indictment. A party cannot meet the requirements of article 55.01 based on a sufficiency of the evidence attack. *Ex parte Kilberg*, 802 S.W.2d 17, 19 (Tex.App.—El Paso 1990, no writ). A showing that the evidence against a petitioner was excluded on procedural grounds is not the same as showing that the facts of the offense were incorrect. *Id.*

The State argues that Thomas is attacking the grand jury indictment based on insufficient evidence due to article 38.07. Moreover, the State claims that the indictment was dismissed because of this procedural violation. The State asserts that article 38.07 was a procedural rule governing the sufficiency of the evidence at trial and that it did not constitute an element of the offense or play a part in determining whether probable cause existed.

There has been some confusion in distinguishing between procedural error and substantive error. Two recent cases issued by the Fourteenth Court shed some light on the differences. In *Metzger*, the petitioner was indicted for indecency with a child. 846 S.W.2d at 383. The District Attorney later dropped the indictment because the trial court ruled that the three-year-old complainant was incompetent to testify at trial. Metzger filed suit to have his arrest record expunged based on the fact that the indictment was presented because of false information or mistake. The trial court denied the expunction of his records. On appeal, he claimed that because the child was incompetent to testify at trial, it could be reasoned that the child was also incompetent when the grand jury indicted him. The Fourteenth Court rejected Metzger's theory, finding that the indictment was presented and dismissed on insufficient evidence. *Id.* at 385. The fact that the child was incompetent to testify at trial was not proof that the trial court could conclude that the indictment was presented because of mistake, false information, or other similar reason indicating a lack of probable cause. *Id.* The court found that the fact the grand jury did not have sufficient evidence to present the indictment, does not justify an expunction—unlike proof that the grand jury had erroneous evidence before it that caused the presentment. *Id.*

In *Hopson*, the indictment alleged that the appellee, Clyde Hopson, compelled the complaining witness, a mentally retarded girl, to engage in two sexual acts. 880 S.W.2d at 2. Like this case, the prosecution did not call any witnesses, and the prosecutor's only evidence presented to the grand jury was a synopsis of the alleged crime. When the

indictment was later dismissed, the prosecution noted in its motion that the indictment was dismissed because the complainant was unable to positively identify the defendant. At the expunction hearing, the prosecutor testified that she did not dismiss the indictment because she believed false information was presented to the grand jury or that the grand jury was mistaken in finding probable cause. Moreover, she stated at the time of the dismissal that she believed there was probable cause that Hopson committed the offense. On cross-examination, the prosecutor admitted that there was no medical or scientific proof that the assault even occurred. The trial court found that the indictment was based on a lack of probable cause and granted the expunction.

The Fourteenth Court went on to find that Hopson had met his burden of proving that the dismissal was based on false information by showing that the presentment was based on the prosecutor's file, without witnesses, and that no medical or scientific evidence existed. *Id.* at 4. The court found that the only other evidence presented was that the petitioner had driven the complainant to church earlier in the day. *Id.* The court concluded that the grand jury must have indicted Hopson based solely on the basis of the witness' ability to identify him, and noted that there was no evidence that Hopson was the attacker or that the attack had even occurred. *Id.* The court found that the indictment evidence was in error, rather than insufficient. *Id.* The court reasoned that, but for the witness' ability to identify the petitioner, the indictment would not have been presented, and the fact the State obtained the indictment based upon the faulty assumption that the victim would be able to identify the defendant at trial constituted false information under subsection (A). *Id.*

In the present case, we find the *Hopson* holding persuasive. The facts in *Hopson* are quite similar to the present case. In the present case, Thomas is not attacking the sufficiency of the evidence presented to the grand jury. He is arguing that the evidence is in error, rather than being insufficient. We find that Thomas had a right to show that the true reason the indictment was pre-

sented and dismissed was because of mistake or false allegations made by the complainant. According to the statute, the petitioner must be given the opportunity to show both that he was indicted for lack of probable cause, and that the cause was dismissed for this same reason. *See* TEX.CODE CRIM.PROC.ANN. 55.01.

From the record, it appears that the grand jury had returned the indictment against Thomas solely on the allegations of the complainant. The State did not present any other evidence or live testimony to the grand jury. Moreover, the District Attorney testified that she had not interviewed Thomas' daughter or any of the other family members concerning the allegations of sexual abuse. When the case was presented to the grand jury, the prosecution was or should have been aware that such a corroborating witness was necessary to prosecute Thomas at trial. As already noted, article 38.07 requires that the complainant's accusations must be corroborated by a witness within six months of the alleged incident. However, the prosecution made no attempt to obtain such a witness before the indictment, and it later was found that they could not find anyone to corroborate her testimony.

In the absence of any other evidence, we conclude that the grand jury indicted Thomas based only on the allegations made by his daughter. Thomas can meet his burden of proving that the indictment presented against him lacked probable cause by showing that his daughter had made false accusations. It follows that he can show that the indictment was dismissed for the same reason. Assuming Thomas can prove the indictment was presented due to false information, the dismissal must ultimately stem from the false information, considering no other evidence was presented. Obviously, the prosecution cannot find an outcry witness to a crime that did not exist. The dismissal would go to a substantive defect, rather than a procedural one.

Thomas clearly had relevant information on the veracity of the allegations in existence at the time of dismissal. We find that excluding the testimony concerning the truth of Thomas' daughter's accusations was harmful

error, and that the trial court could not make a proper disposition of the case without hearing the additional evidence.[2] If the trial court had heard this additional evidence, it could very well have found that Thomas was indicted because of false information. The points of error are sustained and the judgment is reversed and remanded with instructions that the trial court hear the additional evidence.

---

2. The State further argues that we must uphold the trial court's judgment on any legal theory that has support in the evidence because Thomas failed to request findings of fact and conclusions of law. *See Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex.1990). The prosecution would be correct if this was a sufficiency of the evidence challenge; however, sufficiency of the evidence cannot be determined until all proper and relevant evidence is before the court. The fact that findings of fact and conclusions of law were not requested is irrelevant in determining whether the trial court improperly excluded evidence at trial.