### Ex parte David Lloyd THOMAS.

#### No. 10–99–109–CV.

Court of Appeals of Texas, Waco.

Nov. 22, 2000.

Rehearing Overruled Jan. 24, 2001.

Bobby Dale Barina, Harris & Barina, Killeen, for appellant.

Philip L. Cline, Expunction Atty. Crime Records Service, Texas Dept. of Public Safety, Austin, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

VANCE, Justice.

For the third time, David Thomas appeals from the trial court's denial of his petition for an expunction. *See Ex parte Thomas*, 956 S.W.2d 782 (Tex.App.—Waco 1997, no pet.) (*Thomas II*); *Thomas v. State*, 916 S.W.2d 540 (Tex.App.—Waco 1995, no writ) (*Thomas I*). We reversed the order denying his petition in *Thomas I* because the trial court excluded evidence offered by Thomas to show that the indictment against him was based on false information or mistake. We reversed the order in *Thomas II* because we found the evidence "factually insufficient" to sustain the trial court's denial of the petition. Thomas again challenges the factual sufficiency of the evidence to support the order denying his petition and argues that this result could not have been intended by the Legislature. This time, we affirm the order.

### Background

In 1992, V.T., Thomas' daughter, ran away from home. Shortly after running away, she filed criminal charges against Thomas, alleging that he had sexually abused her. The grand jury indicted Thomas for the offense in early 1993, but the charges were dismissed on the State's motion less than six months later. After the indictment was dismissed, Thomas sought to have the record of the charges expunged, alleging that the indictment was dismissed due to a lack of probable cause

to believe that he had committed the offense. *See* TEX.CODE CRIM.PROC.ANN. art. 55.01(a)(2) (Vernon Supp.Pamph.2000).[1]

### The evidence

At the hearing, Thomas denied that he sexually assaulted V.T. He described the difficulties and disagreements that he and his wife had with V.T. concerning their rules and restrictions on V.T.'s behavior during the time that she lived with them. His wife testified that V.T. told her Thomas had been "touching her inappropriately." At first she was unsure who to believe, but ultimately concluded that V.T. was not telling the truth. Three of Thomas' four other children testified. They generally supported Thomas in that each said V.T. would lie about events and had never indicated to any of them that their father was abusing her.

■ V.T. testified for the State. She said that Thomas had assaulted her on numerous occasions in 1990. At some point "shortly after the event that had happened," she told her mother about the assaults, and they confronted Thomas together. According to V.T., Thomas admitted the assaults to his wife and promised that it would not happen again. The former district attorney testified that she had asked the court to dismiss the indictment against Thomas because she was unable to "corroborate" V.T.'s testimony, as required under the law at the time.[2] When she

---

1. The Legislature amended the expunction statute in the 1999 session. *See* Act of May 30, 1999, 76th Leg., R.S., ch. 1236, § 1, 1999 Tex.Gen.Laws 4279, 4279–80. The changes to the statute apply only to arrests occurring on or after August 30, 1999 or offenses for which a movant was acquitted on or after August 30, 1999. *Id.* § 5(a). The prior law was continued for cases in which the arrest or acquittal occurred before that date. *Id.* § 5(b). Thus, the prior law applies to this appeal. However, the changes made to article 55.01(a)(2), as it applies in this proceeding, are not substantive. *See id.* § 1. Thus, we cite to the current version of the statute in the text.

2. In 1990, the year that the alleged offenses occurred, section 38.07 of the Code of Criminal Procedure provided:

   A conviction under Chapter 21, Section 22.011, or Section 22.021, Penal Code, is supportable on the uncorroborated testimony of the victim of the sexual offense if the victim informed any person, other than the defendant, of the alleged offense within six months after the date on which the offense is alleged to have occurred. The requirement that the victim inform another person of an alleged offense does not apply if the victim was younger than 14 years of age at the time of the alleged offense. The court shall instruct the jury that the time which lapsed between the alleged offense and the

sought the indictment she had expected Thomas' wife would testify to V.T.'s outcry concerning the offense, which would have relieved her of the burden of corroborating V.T.'s testimony, but later learned that she was unwilling to do so. The Department of Protective and Regulatory Services caseworker who handled V.T.'s complaints against Thomas testified V.T. indicated she had told Thomas' wife about the assaults and, in a conversation with Thomas' wife, "[Thomas' wife] alluded to the fact that she had had a conversation with [V.T.] along the lines of [V.T.] being uncomfortable with [Thomas]." Finally, the woman whom V.T. had gone to live with after she ran away from home testified that she listened in on a phone conversation between V.T. and Thomas' wife shortly after V.T. had run away from home, during which she heard a statement by Thomas' wife which indicated that she was aware of the allegations V.T. had made against Thomas. This woman also testified that she believed V.T.'s accusations.

### Sufficiency of the evidence

In his first point, Thomas claims that the evidence is factually insufficient to support the trial court's order denying his petition for an expunction. Because Thomas had the burden of proof on the petition, we must sustain the order unless, considering all the evidence, the denial is so contrary to the great weight and preponderance of the evidence as to be manifestly unjust. *Thomas II*, 956 S.W.2d at 786 (citing *Ames v. Ames*, 776 S.W.2d 154, 158 (Tex.1989), *Sterner v. Marathon Oil*

Co., 767 S.W.2d 686, 690 (Tex.1989), and *Cropper v. Caterpillar Tractor Co.*, 754 S.W.2d 646, 651 (Tex.1988)). Thomas sought to show that the indictment was presented and dismissed because of mistake or a false allegation. We described how he could carry that burden in *Thomas I:*

> Thomas can meet his burden of proving that the indictment presented against him lacked probable cause by showing that his daughter had made false accusations. It follows that he can show that the indictment was dismissed for the same reason. Assuming Thomas can prove the indictment was presented due to false information, the dismissal must ultimately stem from the false information, considering no other evidence was presented. Obviously, the prosecution cannot find an outcry witness to a crime that did not exist. The dismissal would go to a substantive defect, rather than a procedural one.

*Thomas I*, 916 S.W.2d at 546. Thus, the key to Thomas' claim is whether he showed that V.T. was untruthful when she told the district attorney that he had assaulted her.

After reviewing the record, we cannot find the court's failure to find Thomas established that V.T. was untruthful is against the great weight and preponderance of the evidence. Whether V.T. falsely accused him of sexual assault was vigorously contested. Thomas denied the charge, supported by his wife's and children's testimony. V.T. repeated her accu-

time it was reported shall be considered by the jury only for the purpose of assessing the weight to be given to the testimony of the victim.
Act of May 26, 1983, 68th Leg., R.S., ch. 382, § 1, 1983 Tex.Gen.Laws 2090, 2090–91, *amended by* Act of May 29, 1983, 68th Leg., R .S., ch. 977, § 7, 1983 Tex.Gen.Laws 5311, 5319 and Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 12.01, 1993 Tex.Gen.Laws 3586, 3765–66 (current version at Tex.Code Crim.Proc.Ann. art. 38.07 (Vernon Supp. 2000)); *Scoggan v. State*, 799 S.W.2d 679, 680 n. 4 (Tex.Crim.App.1990). When there are no

other eyewitnesses to the offense, the testimony of the victim is "uncorroborated testimony." *Grogan v. State*, 713 S.W.2d 705, 710 (Tex.App.—Dallas 1986, no pet.); *Heckathorne v. State*, 697 S.W.2d 8, 12 (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd). V.T. was born in May of 1975, so she was fourteen and fifteen in 1990. Thus, absent either corroboration of V.T.'s testimony or an outcry by her within six months, Thomas could not be convicted under the 1990 version of article 38.07. *Scoggan*, 799 S.W.2d at 681–83; *Jones v. State*, 789 S.W.2d 330, 333 (Tex. App.—Houston [14th Dist.] 1990, pet. ref'd).

sations against her father during the hearing.[3] Her charges were generally supported by the former district attorney, her DPRS caseworker, and the woman with whom she went to live after she ran away. Considering all of this evidence, we cannot say that the trial court erred when it chose to believe the evidence presented by the State, especially V.T.'s in-court accusations against her father, over the evidence presented by Thomas. *See Harris County Dist. Attorney v. Small,* 920 S.W.2d 740, 743 (Tex.App.—Houston [1st Dist.] 1996, no writ) (Stating that in a bench trial on an expunction petition, the trial judge is the exclusive judge of the credibility of the witnesses and may accept or reject, in whole or in part, the testimony of any witness). Thus, we overrule Thomas' first point.

### *"Liberal" construction*

In his second point, Thomas argues that we should reverse the trial court's judgment because it failed to give the statute "the most liberal construction possible." According to Thomas, this entails construing the statute in such a way as to avoid the "absurd" result of denying him the right to an expunction.

His argument is three-step. He first concedes that we may not enlarge upon the plain meaning of the statute. *Thomas II,* 956 S.W.2d at 787. He then points out that under that meaning, an individual against whom an indictment was dismissed pretrial due to insufficient evidence may not have the charges expunged, while the same person would be eligible for expunction if he were put to trial and acquitted due to insufficient evidence. Tex.Code Crim.Proc.Ann. art. 55.01(a)(1)(A), (a)(2)(A); *see Thomas II,* 956 S.W.2d at 786 ("We understand that a showing of insufficient evidence to convict does not

equate to a lack of probable cause to indict.").

With these two premises in mind, he argues that the plain language of the statute leads to an absurd result that the Legislature could not have possibly intended. He asserts that, under such an interpretation, the less likely it is that a person is guilty the more likely it is that the prosecutor would dismiss the indictment rather than go to trial. This would, in turn, make it less likely that the accused would be able to have the records of the charge expunged due to the higher evidentiary burden of showing "no probable cause to indict" in support of the expunction petition. *See cf. Ex parte Current,* 877 S.W.2d 833, 837–38 (Tex.App.—Waco 1994, no writ) (applying a similar principle-the more egregious the lack of evidence to convict, the more likely it is that the error will be corrected by the intermediate court of appeals-to the language allowing for an expunction when the petitioner is "acquitted by the court of criminal appeals" in article 55.01(b)(3) to allow for an expunction when the acquittal is ordered by an intermediate court of appeals as well). He concludes that the application of the plain language to him is absurd because the prosecutor's motion to dismiss indicated that the State had been unable to corroborate V.T.'s accusations, a failure which would have necessarily resulted in an acquittal at trial. *See* Act of May 26, 1983, 68th Leg., R.S., ch. 382, § 1, 1983 Tex.Gen. Laws 2090, *amended by* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 12.01, 1993 Tex.Gen.Laws 3586, 3765–66 (current version at Tex.Code Crim.Proc.Ann. art. 38.07 (Vernon Supp.2000)); *Scoggan v. State,* 799 S.W.2d 679, 681–83 (Tex.Crim. App.1990); *Thomas I,* 916 S.W.2d at 542.

---

**3.** Unlike the first two appeals, there is direct evidence that the assaults occurred: V.T.'s testimony. In both of our earlier opinions, we specifically pointed out that the State failed to adduce direct evidence establishing that the assaults occurred. *Ex parte Thomas,* 956 S.W.2d 782, 786–87 (Tex.App.—Waco 1997, no pet.); *Thomas v. State,* 916 S.W.2d 540, 542 (Tex.App.—Waco 1995, no writ). The State corrected that omission when presenting its evidence this time.

Even if we were to accept Thomas' argument under this point, he would not be entitled to the relief he seeks. During V.T.'s testimony, she indicated that she told her mother about the assaults "shortly after the event that had happened." Thomas' wife admitted that V.T. told her that Thomas was "touching her inappropriately," although she ultimately did not believe V.T.'s accusations. Other than V.T.'s statement, however, there is no indication as to when she initially told her mother about her charges against Thomas. Based on the testimony presented at the hearing on Thomas' petition, the trial court could have concluded that the State did have the ability to show that V.T. "informed any person, other than the defendant, of the alleged offense within six months after the date on which the offense [was] alleged to have occurred," by compelling Thomas' wife to testify. Act of May 26, 1983, 68th Leg., R.S., ch. 382, § 1, 1983 Tex.Gen. Laws 2090, 2090–91, amended 1993. Thus, the court could find that Thomas failed to prove that the State could not have obtained a conviction at trial despite what the State alleged in its motion to dismiss.

Because he failed to establish that the State could not have obtained a conviction at trial, Thomas failed to show that the denial of his petition for an expunction is an "absurd result" of the type asserted in his argument. For this reason, we overrule his second point.

### Conclusion

We have found that the court's denial of the petition for an expunction is not against the great weight and preponderance of the evidence. We have also found that Thomas cannot show that the denial of his petition for an expunction is an absurd result that the Legislature could not have possibly intended. Thus, we affirm the court's order denying Thomas' petition for an expunction.