IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00052-CR

 

Charles Eugene Martinez,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 23rd District Court

Brazoria County, Texas

Trial Court # 40,619

 



O p i n i o n [1]



 

      This
appeal concerns Appellant’s convictions for three counts of indecency with a
child by sexual contact.  See Tex.
Penal Code Ann. § 21.11 (Vernon 2003).  We will affirm.

1.    Outcry Witness.  In his first issue, Appellant argues that the
trial court erred in overruling Appellant’s hearsay objections to the victim’s
mother’s testimony concerning out-of-court statements by the victim concerning
Appellant’s offenses.  The trial court
admitted the testimony as outcry evidence. 
On appeal, Appellant argues that such outcry evidence was not admissible
under Texas Code of Criminal Procedure Article 38.072, since that statute
applies only to victims twelve years of age or younger, and Appellant’s victim
was thirteen years of age at the time of Appellant’s offenses.  See
Tex. Code Crim. Proc. Ann. art.
38.072 (Vernon Supp. 2004). 
We assume without deciding that Appellant’s specific argument on appeal
comports with his general objections at trial. 
See Tex. R. App. P. 33.1(a); Resendiz
v. State, 112 S.W.3d 541, 547 (Tex. Crim. App. 2003), cert. denied, 124 S. Ct. 2098 (2004). 
Nonetheless, the trial court did not err.  The testimony was admissible under the
general outcry statute, Code of Criminal Procedure Article 38.07, and the trial
court strictly limited the testimony to its proper scope.  See
Tex. Code Crim. Proc. Ann. art.
38.07 (Vernon Supp. 2004); Thomas v.
State, 916 S.W.2d 540, 542 (Tex. App.—Waco 1995, no pet.); Buckley v. State, 758 S.W.2d 339, 345-46
(Tex. App.—Texarkana 1988), aff’d, 786
S.W.2d 357 (Tex. Crim. App. 1990); Heckathorne
v. State, 697 S.W.2d 8, 12-13 (Tex. App.—Houston [14th Dist.] 1985, pet.
ref’d).  We overrule Appellant’s first
issue.

2.    Comment on the Weight of the Evidence.  In Appellant’s second, third, and fourth
issues, he contends that the trial court commented on the weight of the
evidence in its instructions to the jury concerning the outcry evidence.  See
Tex. Code Crim. Proc. Ann. art.
38.05 (Vernon 1979). 
Appellant forfeited any complaint concerning the instructions, to which
he failed to object.  See Tex.
R. App. P. 33.1(a); Simpson v.
State, 119 S.W.3d 262, 267 (Tex. Crim. App. 2003), cert. denied, 124 S.
 Ct. 2837 (2004); Wilson v. State, 90 S.W.3d 391, 394-95
(Tex. App.—Dallas 2002, no pet.).  We
overrule Appellant’s second, third, and fourth issues.

      Having
overruled all of Appellant’s issues, we affirm the judgment.

TOM
GRAY

Chief Justice

Before Chief Justice Gray,

      Justice
Vance, and

      Justice Reyna

      (Justice Vance dissenting)

Opinion
delivered and filed September 15, 2004

Affirmed

Do
not publish

[CR25]

 











      [1]
There is an apparent conflict in Texas
Rule of Appellate Procedure 47.4.  See Tex.
R. App. P. 47.4.  Because the
author of the Dissenting Opinion has opposed the designation of this memorandum
opinion as a memorandum opinion, it must be designated as an opinion.  “An opinion may not be designated a
memorandum opinion if the author of a concurrence or dissent opposes that
designation.”  Id.  The same
rule, however, limits what opinions can be designated non-memorandum opinions:

        An
opinion must be designated a memorandum opinion unless it does any of the
following:

                (a) establishes a new rule of law, alters or
modifies an existing rule, or applies an existing rule to a novel fact
situation likely to recur in future cases;

                (b) involves issues of constitutional law or other
legal issues important to the jurisprudence of Texas;

                (c) criticizes existing law; or

         (d)    resolves an apparent conflict of authority.

Id.  This
opinion does not do any of those things, and thus “must” be designated a
memorandum opinion.  Id.  We have,
nevertheless, designated it as an opinion because the sentence of the rule
regarding the opposition by the author of a concurrence or dissent is more
specific, and subject to less interpretation, than the later portion of the
same rule above quoted.

        This
opinion does, however, remain designated “do not publish” pursuant to Rule of
Appellate Procedure 47.2.  See Tex.
R. App. P. 47.2(b).  A question
remains whether it was the purpose of the rule to allow the author of a
concurrence or dissent to publish the concurrence or dissent over the contrary
vote of the other members of the panel, and, further, to attach as an appendix
to that concurrence or dissent the opinion designated “do not publish.”  We choose, in this instance, to leave that
issue to the jurisprudential judgment of the author, but ultimately it will be
left to the rule makers to clarify.