In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-461 CV


____________________



SAUL GONZALES GOMEZ, a/k/a SAUL PENA 


a/k/a SAUL MONTANTE, Appellant



V.



BEAUMONT POLICE DEPARTMENT, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. X-579






 MEMORANDUM OPINION 


 Saul Gonzales Gomez, a/k/a Saul Pena a/k/a Saul Montante, appeals the trial court's
order denying his petition for expunction. Gomez brings one appellate issue in which he
contends the trial court erred in denying his petition without hearing testimony. We agree
the court should have considered evidence at the hearing, and because it did not, we reverse
and remand. (1)

 Saul's petition requested expunction of all records and files arising from his arrest on
August 24, 2001, in Jefferson County, Texas. On October 24, 2001, the trial court dismissed
cause number 83793 (indecency with a child) and indicated its reason for the dismissal as in
the "Interest of Justice." Saul asserted in his petition that article 55 of the Texas Code of
Criminal Procedure required the court to grant his expunction request. In his sworn petition,
Saul asserted the following reasons to expunge his record:

 (1) No indictment or information has been presented against
[him] for an offense arising out of the transaction leading to the
arrest.


 (7) That the statute of limitation . . . for indecency with a
child is five (5) years, which is June 19, 2005 in this instance. 


 (8) There is no evidence known to be available to the State
to determine probability of further prosecution arising out of the
transaction, which led to arrest. There is no reasonable cause to
believe that the State may proceed against [Saul] for the offense.


 The Beaumont Police Department ("BPD") objected to Saul's petition and contended 
that it failed to satisfy the statutory requirements for expunction. Specifically, BPD claimed
that the statute of limitations period had not expired and that Saul did not claim the dismissal
occurred because of a mistake, false information, or other similar reason indicating absence
of probable cause. See Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(A)(i), (ii) (Vernon
2006).

 The trial court set a hearing on the matter. At the hearing, Saul asserted that the State
of Texas dismissed its case against him because he was the wrong man arrested. According
to Saul, the victim and the victim's mother were prepared to testify that he was not the
alleged offender. The trial court concluded that Saul's petition failed to allege the statutory
grounds for expunction and refused to hear any testimony. Additionally, the trial court ruled
that it could not consider expunging a record when the order of dismissal indicated that the
case was "dismissed in the 'interest of justice.'" The trial court denied Saul's expunction
request. 

 Subsequently, Saul filed a motion for new trial. In his motion, Saul reiterated that he
was not the alleged perpetrator of the offense and attached affidavits from the victim and the
victim's mother supporting his claim. The motion for new trial was overruled by operation
of law. 

 In his appeal, Saul contends that the trial court erred in refusing to allow him to prove
he was entitled to have his record expunged. First, we note that the right to expunction is
statutory. Tex. Dep't of Pub. Safety v. Wallace, 63 S.W.3d 805, 806 (Tex. App.-Austin 2001,
no pet.) (citing State v. Knight, 813 S.W.2d 210, 212 (Tex. App.-Houston [14th Dist.] 1991,
no writ)). Pursuant to article 55.01 of the Texas Code of Criminal Procedure, "[a] person
who has been placed under a custodial or noncustodial arrest for commission of either a
felony or misdemeanor is entitled to have all records and files relating to the arrest
expunged" if the person meets certain statutory requirements. Tex. Code Crim. Proc. Ann.
art. 55.01(a) (Vernon 2006). As an expunction proceeding is civil rather than criminal, the
petitioner bears the burden of proving compliance with the statute. Tex. Dep't of Pub. Safety
v. Katopodis, 886 S.W.2d 455, 457 (Tex. App.-Houston [1st Dist.] 1994, no writ). When
a statute creates a cause of action, "all provisions are mandatory and exclusive, and a person
is entitled to expunction only when all of the conditions have been met." Wallace, 63 S.W.3d
at 806 (citing Harris County Dist. Atty's Office v. Burns, 825 S.W.2d 198, 202 (Tex.
App.-Houston [14th Dist.] 1992, writ denied)). To prove a right to an expunction, the
petitioner must show the following:

 (A) an indictment or information charging the person
with commission of a felony has not been presented against the
person for an offense arising out of the transaction for which the
person was arrested or, if an indictment or information charging
the person with commission of a felony was presented, the
indictment or information has been dismissed or quashed, and:


 (i) the limitations period expired before the date on which
a petition for expunction was filed under Article 55.02; or


 (ii) the court finds that the indictment or information was
dismissed or quashed because the presentment had been made
because of mistake, false information, or other similar reason
indicating absence of probable cause at the time of the dismissal
to believe the person committed the offense or because it was
void;


 (B) the person has been released and the charge, if any,
has not resulted in a final conviction and is no longer pending
and there was no court ordered community supervision under
Article 42.12 for any offense other than a Class C misdemeanor;
and


 (C) the person has not been convicted of a felony in the
five years preceding the date of the arrest. 

 

Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(A)-(C). 

 The applicable statute of limitations on the underlying charge has not yet expired. (2)
Therefore, under the statute, Saul must show he was charged with the offense because of 
"mistake, false information, or other similar reason indicating absence of probable cause at
the time of the dismissal," or prove that the indictment or presentment was void. See Tex.
Code Crim. Proc. Ann. art. 55.01(a)(2)(A)(ii). 

 We review the granting or denying of an expunction petition under an abuse of
discretion standard. See Bargas v. State, 164 S.W.3d 763, 770 (Tex. App.-Corpus Christi
2005, no pet.); Heine v. Tex. Dep't of Pub. Safety, 92 S.W.3d 642, 646 (Tex. App.-Austin
2002, pet. denied); Ex parte Guajardo, 70 S.W.3d 202, 204 (Tex. App.-San Antonio 2001,
no pet.). BPD contends that the trial court did not err when it denied Saul's expunction
request or refused to hear testimony from Saul's witnesses. BPD argues that the court cannot
look beyond the dismissal order's language, in the "interest of justice," and further argues
that Saul's pleadings do not state a statutory ground for expunction. 

 While Saul's petition does not precisely track the statutory language, it does state
among its reasons for expunction that "[t]here is no evidence known to be available" and that
there is "no reasonable cause" for which Saul could be prosecuted under the indicted offense. 
Because no one filed special exceptions, we liberally construe Saul's expunction petition and
hold that it is sufficient to include a claim that there was an absence of probable cause to
support the State's indictment. See Horizon/CMS Healthcare Corp. v. Auld, 34 S.W.3d 887,
897 (Tex. 2000) (Courts should liberally construe the pleadings in favor of the pleader absent
special exceptions.); see also Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(A)(ii). 

 A trial court must not rely solely on the prosecutor's explanation in deciding a petition
for expunction. See Thomas v. State, 916 S.W.2d 540, 545 (Tex. App.-Waco 1995, pet.
denied). "To hold otherwise would in effect allow the [prosecutor] alone to adjudicate
expunction and force upon the petitioner an impossible burden." Id. While the prosecutor's
explanation for the dismissal is relevant, "the expunction court may look beyond the reasons
stated in the motion to dismiss and consider all admissible evidence to determine the true
reason for dismissal." Harris County Dist. Atty's Office v. Hopson, 880 S.W.2d 1, 4 (Tex.
App.-Houston [14th Dist.] 1994, no writ) (citing Metzger v. Houston Police Dept., 846
S.W.2d 383, 385 (Tex. App.-Houston [14th Dist.] 1992, writ denied)); see also Guajardo,
70 S.W.3d at 206.

 By refusing to hear Saul's evidence, the trial court abused its discretion. Saul has
demonstrated harm because his proffered evidence tends to support his claim that the State
did not have probable cause to indict him. Accordingly, we sustain Saul's issue on appeal,
and reverse and remand this case to allow the trial court to conduct a proper hearing.

 REVERSED AND REMANDED.

 ____________________________

 HOLLIS HORTON

 Justice


Submitted on March 22, 2007

Opinion Delivered May 10, 2007 

Before McKeithen, C.J., Kreger and Horton, JJ.
1. Although Gomez filed a notice of appeal listing the State of Texas as a party, only
the Beaumont Police Department filed a brief in response. At the trial level, the Texas
Department of Public Safety filed a general denial, and the Jefferson County District
Attorney's Office, on behalf of Jefferson County, Texas, filed a response to the petition
for expunction. Jefferson County expressly stated that it did not oppose the petition. 
Neither the Texas Department of Public Safety nor Jefferson County, Texas are parties to
this appeal.
2. The applicable statute of limitations for indecency with a child by sexual contact is
ten years from the eighteenth birthday of the victim of the offense. See Tex. Code Crim.
Proc. Ann. art. 12.01(5)(A) (Vernon Supp. 2006) (We cite to the current version of the
statute as it has not changed since the alleged commission of the offense.). When Saul filed
his petition, the victim had not yet turned eighteen.