IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-08-00268-CV

 

In re Texas Department of Family 

and
Protective Services

 

 

 



No. 10-08-00270-CV

 

IN RE JAMES EHLERS

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 

The Department of Family and Protective Services
filed an application with this Court for the issuance of a writ of mandamus
against the Respondent, Honorable Greg Wilhelm, Judge of the County Court at
Law No. 1 of Ellis County.  James Ehlers, joined by attorney ad litem Gloria
Ortiz, also filed a mandamus application against Judge Wilhelm.  In both
applications, the parties contend that Respondent abused his discretion by
refusing to enter a final judgment memorializing the jury’s verdict in a
parental-rights termination case and by issuing an order appointing a
transition master and a transition coordinator.  Ehlers further contends that Respondent
abused his discretion because the transition order effectively denies him
access to his daughter.

However, the trial court has since signed a final
judgment and a separate order vacating its transition order.  Accordingly, we
dismiss the mandamus applications as moot.  See In re Jaramillo, 164 S.W.3d 774, 775 (Tex. App.—Texarkana 2005, orig. proceeding).

 

FELIPE REYNA

Justice

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Petitions dismissed 

Opinion delivered and
filed September 17, 2008

[OT06]








 






erline">                                                                                                               
                                                                                                         
O P I N I O N
                                                                                                               

      For the third time, David Thomas appeals from the trial court’s denial of his petition for
an expunction. See Ex parte Thomas, 956 S.W.2d 782 (Tex. App.—Waco 1997, no pet.)
(Thomas II); Thomas v. State, 916 S.W.2d 540 (Tex. App.—Waco 1995, no writ) (Thomas I). 
We reversed the order denying his petition in Thomas I because the trial court excluded
evidence offered by Thomas to show that the indictment against him was based on false
information or mistake. We reversed the order in Thomas II because we found the evidence
“factually insufficient” to sustain the trial court’s denial of the petition. Thomas again
challenges the factual sufficiency of the evidence to support the order denying his petition and
argues that this result could not have been intended by the Legislature. This time, we affirm
the order.
Background
      In 1992, V.T., Thomas’ daughter, ran away from home. Shortly after running away, she
filed criminal charges against Thomas, alleging that he had sexually abused her. The grand
jury indicted Thomas for the offense in early 1993, but the charges were dismissed on the
State’s motion less than six months later. After the indictment was dismissed, Thomas sought
to have the record of the charges expunged, alleging that the indictment was dismissed due to a
lack of probable cause to believe that he had committed the offense. See Tex. Code Crim.
Proc. Ann. art. 55.01(a)(2) (Vernon Supp. Pamph. 2000).



The evidence
      At the hearing, Thomas denied that he sexually assaulted V.T. He described the
difficulties and disagreements that he and his wife had with V.T. concerning their rules and
restrictions on V.T.’s behavior during the time that she lived with them. His wife testified that
V.T. told her Thomas had been “touching her inappropriately.” At first she was unsure who
to believe, but ultimately concluded that V.T. was not telling the truth. Three of Thomas’ four
other children testified. They generally supported Thomas in that each said V.T. would lie
about events and had never indicated to any of them that their father was abusing her.
      V.T. testified for the State. She said that Thomas had assaulted her on numerous
occasions in 1990. At some point “shortly after the event that had happened,” she told her
mother about the assaults, and they confronted Thomas together. According to V.T., Thomas 
admitted the assaults to his wife and promised that it would not happen again. The former
district attorney testified that she had asked the court to dismiss the indictment against Thomas
because she was unable to “corroborate” V.T.’s testimony, as required under the law at the
time.


 When she sought the indictment she had expected Thomas’ wife would testify to V.T.’s
outcry concerning the offense, which would have relieved her of the burden of corroborating
V.T.’s testimony, but later learned that she was unwilling to do so. The Department of
Protective and Regulatory Services caseworker who handled V.T.’s complaints against Thomas
testified V.T. indicated she had told Thomas’ wife about the assaults and, in a conversation
with Thomas’ wife, “[Thomas’ wife] alluded to the fact that she had had a conversation with
[V.T.] along the lines of [V.T.] being uncomfortable with [Thomas].” Finally, the woman
whom V.T. had gone to live with after she ran away from home testified that she listened in on
a phone conversation between V.T. and Thomas’ wife shortly after V.T. had run away from
home, during which she heard a statement by Thomas’ wife which indicated that she was
aware of the allegations V.T. had made against Thomas. This woman also testified that she
believed V.T.’s accusations.
Sufficiency of the evidence
      In his first point, Thomas claims that the evidence is factually insufficient to support the
trial court’s order denying his petition for an expunction. Because Thomas had the burden of
proof on the petition, we must sustain the order unless, considering all the evidence, the denial
is so contrary to the great weight and preponderance of the evidence as to be manifestly unjust. 
Thomas II, 956 S.W.2d at 786 (citing Ames v. Ames, 776 S.W.2d 154, 158 (Tex. 1989),
Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989), and Cropper v. Caterpillar
Tractor Co., 754 S.W.2d 646, 651 (Tex. 1988)). Thomas sought to show that the indictment
was presented and dismissed because of mistake or a false allegation. We described how he
could carry that burden in Thomas I:
Thomas can meet his burden of proving that the indictment presented against him
lacked probable cause by showing that his daughter had made false accusations. It
follows that he can show that the indictment was dismissed for the same reason. 
Assuming Thomas can prove the indictment was presented due to false information,
the dismissal must ultimately stem from the false information, considering no other
evidence was presented. Obviously, the prosecution cannot find an outcry witness to
a crime that did not exist. The dismissal would go to a substantive defect, rather than
a procedural one.

Thomas I, 916 S.W.2d at 546. Thus, the key to Thomas’ claim is whether he showed that
V.T. was untruthful when she told the district attorney that he had assaulted her.
      After reviewing the record, we cannot find the court’s failure to find Thomas established
that V.T. was untruthful is against the great weight and preponderance of the evidence. 
Whether V.T. falsely accused him of sexual assault was vigorously contested. Thomas denied
the charge, supported by his wife’s and children’s testimony. V.T. repeated her accusations
against her father during the hearing.


 Her charges were generally supported by the former
district attorney, her DPRS caseworker, and the woman with whom she went to live after she
ran away. Considering all of this evidence, we cannot say that the trial court erred when it
chose to believe the evidence presented by the State, especially V.T.’s in-court accusations
against her father, over the evidence presented by Thomas. See Harris County Dist. Attorney
v. Small, 920 S.W.2d 740, 743 (Tex. App.—Houston [1st Dist.] 1996, no writ) (Stating that in
a bench trial on an expunction petition, the trial judge is the exclusive judge of the credibility
of the witnesses and may accept or reject, in whole or in part, the testimony of any witness). 
Thus, we overrule Thomas’ first point.
“Liberal” construction
      In his second point, Thomas argues that we should reverse the trial court’s judgment
because it failed to give the statute “the most liberal construction possible.” According to
Thomas, this entails construing the statute in such a way as to avoid the “absurd” result of
denying him the right to an expunction. 
      His argument is three-step. He first concedes that we may not enlarge upon the plain
meaning of the statute. Thomas II, 956 S.W.2d at 787. He then points out that under that
meaning, an individual against whom an indictment was dismissed pretrial due to insufficient
evidence may not have the charges expunged, while the same person would be eligible for
expunction if he were put to trial and acquitted due to insufficient evidence. Tex. Code Crim.
Proc. Ann. art. 55.01(a)(1)(A), (a)(2)(A); see Thomas II, 956 S.W.2d at 786 (“We
understand that a showing of insufficient evidence to convict does not equate to a lack of
probable cause to indict.”). 
      With these two premises in mind, he argues that the plain language of the statute leads to
an absurd result that the Legislature could not have possibly intended. He asserts that, under 
such an interpretation, the less likely it is that a person is guilty the more likely it is that the
prosecutor would dismiss the indictment rather than go to trial. This would, in turn, make it
less likely that the accused would be able to have the records of the charge expunged due to the
higher evidentiary burden of showing “no probable cause to indict” in support of the
expunction petition. See cf. Ex parte Current, 877 S.W.2d 833, 837-38 (Tex. App.—Waco
1994, no writ) (applying a similar principle—the more egregious the lack of evidence to
convict, the more likely it is that the error will be corrected by the intermediate court of
appeals—to the language allowing for an expunction when the petitioner is “acquitted by the
court of criminal appeals” in article 55.01(b)(3) to allow for an expunction when the acquittal
is ordered by an intermediate court of appeals as well). He concludes that the application of
the plain language to him is absurd because the prosecutor’s motion to dismiss indicated that
the State had been unable to corroborate V.T.’s accusations, a failure which would have
necessarily resulted in an acquittal at trial. See Act of May 26, 1983, 68th Leg., R.S., ch.
382, § 1, 1983 Tex. Gen. Laws 2090, amended by Act of May 29, 1993, 73rd Leg., R.S., ch.
900, § 12.01, 1993 Tex. Gen. Laws 3586, 3765-66 (current version at Tex. Code Crim.
Proc. Ann. art. 38.07 (Vernon Supp. 2000)); Scoggan v. State, 799 S.W.2d 679, 681-83
(Tex. Crim. App. 1990); Thomas I, 916 S.W.2d at 542.
      Even if we were to accept Thomas’ argument under this point, he would not be entitled to
the relief he seeks. During V.T.’s testimony, she indicated that she told her mother about the
assaults “shortly after the event that had happened.” Thomas’ wife admitted that V.T. told her
that Thomas was “touching her inappropriately,” although she ultimately did not believe
V.T.’s accusations. Other than V.T.’s statement, however, there is no indication as to when
she initially told her mother about her charges against Thomas. Based on the testimony
presented at the hearing on Thomas’ petition, the trial court could have concluded that the State
did have the ability to show that V.T. “informed any person, other than the defendant, of the
alleged offense within six months after the date on which the offense [was] alleged to have
occurred,” by compelling Thomas’ wife to testify. Act of May 26, 1983, 68th Leg., R.S., ch.
382, § 1, 1983 Tex. Gen. Laws 2090, 2090-91, amended 1993. Thus, the court could find
that Thomas failed to prove that the State could not have obtained a conviction at trial despite
what the State alleged in its motion to dismiss. 
      Because he failed to establish that the State could not have obtained a conviction at trial,
Thomas failed to show that the denial of his petition for an expunction is an “absurd result” of
the type asserted in his argument. For this reason, we overrule his second point.
 

Conclusion
      We have found that the court’s denial of the petition for an expunction is not against the
great weight and preponderance of the evidence. We have also found that Thomas cannot
show that the denial of his petition for an expunction is an absurd result that the Legislature
could not have possibly intended. Thus, we affirm the court’s order denying Thomas’ petition
for an expunction. 



                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Davis
          Justice Vance, and
          Justice Gray
Affirmed
Opinion delivered and filed November 22, 2000
Publish