Jimmy Daryl **WILSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 08–88–00037–CR.

Court of Appeals of Texas, El Paso.

May 3, 1989.

---

1. Wiley actually operated the ranch less than five years.

Richard R. Alvarado, Odessa, for appellant.

Hal Upchurch, Dist. Atty., Monahans, for appellee.

Before OSBORN, C.J., and
WOODARD and KOEHLER, JJ.

## OPINION

OSBORN, Chief Justice.

Appellant was convicted by a jury of the offense of theft of oil field property. He pled true to enhancement counts alleging prior felony convictions, and the jury assessed punishment at sixty-five years' confinement.

Law enforcement officers testified that, upon receiving a tip regarding stolen oil field equipment, they went to H & T Bit Service Company. The officers were reviewing records of recent sales of drill bits by Appellant to H & T Bit Service when Appellant appeared on the premises to sell four additional bits. Upon seeing the officers, Appellant turned and ran into the women's restroom.

After receiving *Miranda* warnings, Appellant made an oral confession that the bits belonged to Turner Bit Service. He

said that he and Kyle Carter took the bits and that he had to sell them because Kyle Carter owed Leland Casey, the owner of H & T Bit Service, some money.

At trial, Appellant denied appropriating the bits. He stated that he received the bits from Carter, the complainant's stepson, believing that Carter had authority to dispose of the bits. Appellant based this belief on the fact that Carter had the run of the yard at his stepfather's business, drove a Turner company car and received regular pay checks from Turner Bit Service.

In his first point of error, Appellant argues that the trial court erred in failing to suppress Appellant's oral statements. The trial judge admitted Appellant's oral statements pursuant to the provisions of the Tex.Code Crim.Pro.Ann. art. 38.22, sec. 3(c) (Vernon Supp.1989).

▮ As a general rule, oral confessions that are the result of custodial interrogation are not admissible unless they are reduced to writing pursuant to the provisions of Article 38.22 of the Code of Criminal Procedure. *See* 1 M. Teague, Texas Criminal Practice Guide, sec. 20.03[3a] (1989). However, Article 38.22 provides a specific exception for the admission of a non-recorded oral confession of the defendant which is obtained as a result of custodial interrogation. Such statements are admissible if they contain "assertions of facts or circumstances that are found to be true and which conduce to establish the guilt of the accused, such as the finding of secreted or stolen property or the instrument with which he states the offense was committed." Tex.Code Crim.Pro.Ann., art. 38.22, sec. 3(c).

It should be recognized that the examples given in the statute are illustrative only and not a limitation on the statements which conduce to establish guilt and which are shown to be true. *Briddle v. State,* 742 S.W.2d 379, 388 (Tex.Crim.App.1987); *Valtiero v. State,* 153 Tex.Crim. 260, 219 S.W.2d 73, 79 (1949). To qualify as admissible evidence pursuant to article 38.22, section 3(c), the accused's oral statement must provide information of *previously un-known* and *incriminating* evidence which was subject to being and was independently verified. *Briddle,* 742 S.W.2d at 387. The verification supports the truth of the assertion and establishes the reliability of the confession. The character of the true assertion connects the accused to the crime in a special and incriminating manner and thereby conduces to establish his guilt. See *McGilvery v. State,* 533 S.W.2d 24, 26–27 (Tex.Crim.App.1976) (statement led to evidence in support of State's theory that two people committed offenses); *Chase v. State,* 508 S.W.2d 605, 609 (Tex. Crim.App.1974) *cert. denied,* 419 U.S. 840, 95 S.Ct. 71, 42 L.Ed.2d 68 (1974) (statement explained significance of wall board found with body and utilized in commission of offense); *Ashley v. State,* 362 S.W.2d 847, 851 (Tex.Crim.App.1962), *cert. denied,* 372 U.S. 956, 83 S.Ct. 955, 10 L.Ed.2d 10 (1963) (statement led to discovery that keys in defendant's purse were to victim's car); *Valtiero v. State,* 153 Tex.Crim. 260, 219 S.W.2d 73, 79 (1949) (statement led to recovery of hat taken from victim during commission of offense).

▮ Under the facts of the instant cause, Appellant's oral statement was inadmissible because this statement failed to satisfy the prerequisites for admission under article 38.22, section 3(c). According to Ranger Havrda, Appellant "said that the bits belonged to Turner Bit Company, and that he and Kyle Carter got them, but he [Appellant] had to sell them because Kyle Carter owed Mr. Leland Casey some money." Deputy Castro testified that Appellant "stated that the bits were taken by him and Kyle, and then that he [Appellant] was selling them for Kyle for the purpose of, because Kyle owed Mr. Leland some money, so he was going to sell them for him." The assertion of fact which was later found to be true was the indebtedness of Kyle Carter to the owner of H & T Bit Service, Leland Casey. This assertion of fact was not known to law enforcement officers at the time of the oral statement. However, this oral statement fails to satisfy the additional requirements of article 38.22, section 3(c). The fact asserted in the

statement does in no way conduce to establish Appellant's guilt. The State argues that the fact that Carter owed Casey money tends to show why Appellant, rather than Carter, sold the bits to Casey: Carter apparently wanted to avoid his creditor and his likely demand for repayment. But how does Carter's indebtedness to Casey—and Appellant's knowledge of this indebtedness—serve to "connect" Appellant to the theft "in a special and incriminating manner" and thereby conduce to establish his guilt? The State does not say and the answer is not obvious from the record. It must be concluded that Appellant's oral statement did not qualify for admission pursuant to article 38.22, section 3(c) and the trial court erred in admitting this statement.

Was this error harmful enough to merit reversal? The test for harmful error in this case is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction or affected the punishment. *Self v. State*, 709 S.W.2d 662, 668 (Tex.Crim.App.1986); *Baxter v. State*, 718 S.W.2d 28, 34 (Tex. App.—Eastland 1986, PDRR). In light of the evidence in the record, it cannot be concluded that admission of Appellant's oral confession was harmless error beyond a reasonable doubt. The oral statement provided the only direct evidence that Appellant participated in the actual taking of the bits. More importantly, the statement conflicts with the explanation which Appellant gave at trial that Kyle Carter gave him the bits and asked him to sell them. The admission of this confession surely contributed to the Appellant's conviction. We sustain Point of Error No. One.

In Point of Error No. Two, Appellant argues that, without Appellant's oral statement, the State's evidence was insufficient as a matter of law to support a conviction. This point is without merit; a sufficiency challenge must attack *all* evidence presented and may not assume a disregard of improperly submitted evidence challenged by a separate point of error. *Bass v. State*, 732 S.W.2d 632 (Tex.Crim.App.

1987). Point of Error No. Two is overruled.

In Point of Error No. Three, Appellant argues that the trial court erred in overruling his motion to quash the indictment for failure to allege a culpable mental state. The indictment on this case alleged that Appellant did "unlawfully appropriate tangible personal property ..., by acquiring and exercising control over same, without the effective consent of Willard B. Turner, the owner thereof, with intent to permanently deprive the owner of the property." In *Ex parte Smith*, 645 S.W.2d 310, 312 (Tex.Crim.App.1983), the Court held that the indictment must allege a specific intent to deprive the owner of property. The court rejected the contention that the indictment must also allege a culpable mental state with respect to acquiring property without the owner's consent. The indictment in this cause was not defective. Point of Error No. Three is overruled.

The last point of error is only with regard to the punishment stage of the case and is moot.

The judgment of the trial court is reversed and the case is remanded for a new trial.

WOODARD, Justice dissenting.

I respectfully dissent. The Appellant stated he had to sell the stolen property because his co-defendant owed the buyer money. The authorities later found the debt to be fact. This was a special circumstance of the crime. Taken in context, it was incriminating. The State's theory of the case was that two thieves appropriated the property. The statement conduces or brings together the reason why only one disposed of the stolen property. By requiring some special circumstance of the crime which was unknown to the investigating officers at the time to be included in a statement as a condition to its admission into evidence, some assurance of actual conversation with the accused regarding the crime is made. This discourages an over zealous police officer from bolstering his investigative conclusions by simply stating the defendant confessed to the crime.

The fact that the Appellant testified to events that would make this special circumstance of the crime equally unique to his version of innocent undertakings goes to the weight of the confession and not to its admissibility. Under any special circumstance of a crime, including the finding of stolen property or the weapon of the offense, a defendant can later testify to exculpatory situations supporting the special circumstance of the crime which was later found to be true. Although the special circumstance supports some statement by a defendant, the fact finder, as always, must determine whether a defendant or a police officer is worthy of belief under the proper burden of proof guidelines.