**In the Matter of the Expunction of Jimmy Daryl WILSON, Appellant.**

No. 08–96–00107–CV.

Court of Appeals of Texas, El Paso.

Oct. 3, 1996.

Jimmy Daryl Wilson, Snyder, pro se.

John Stickels, District Attorney, Monahans, David P. Zavoda, Odessa, for state.

Before LARSEN, McCLURE and CHEW, JJ.

### OPINION

LARSEN, Justice.

Jimmy Daryl Wilson, proceeding pro se in forma pauperis, moved to expunge the records of his convictions in Cause No. 1851, delivery of heroin and Cause No. 3010, theft of oil field property. Judge Bob Parks, 143rd District Court of Ward County dismissed the petition as frivolous under TEX. CIV.PRAC. & REM.CODE ANN. § 13.001 (Vernon Supp.1996). Appellant appeals the dismissal of his petition.

### FACTS

**1.  Cause No. 1851**

In May of 1974, appellant was convicted at trial of the felony offense of "sale of heroin" and given a five (5) year sentence. No direct appeal was taken. On December 13, 1995, the Court of Criminal Appeals granted appellant's application for writ of habeas corpus, ruling that the indictment was fundamentally defective and the conviction void because the indictment failed to allege an essential element of the offense. *Ex parte Jimmy Daryl Wilson*, No. 72,240 (Tex.Crim.App. December 13, 1995). The Court of Criminal Appeals dismissed the indictment.

**2.  Cause No. 3010**

Appellant was convicted of "theft of oil field property" in August 1987. He was given a sentence of sixty-five (65) years. On direct appeal, the Eighth Court of Appeals reversed and remanded for a new trial. *Wilson v. State*, 770 S.W.2d 883 (Tex.App.—El Paso 1989, no pet.). This court held that appellant's oral confession did not qualify for admission pursuant to TEX.CODE CRIM.PROC. ANN. art. 38.22, § 3(c) (Vernon 1979 and Supp.1996). The district attorney of Ward county then dismissed the indictment for insufficient evidence.

### DISCUSSION

**1.  Frivolous suit**

■■■ Texas law provides that the trial court may dismiss a suit where an affidavit of indigency is filed if the action is frivolous or malicious. TEX.CIV.PRAC. & REM.CODE ANN. § 13.001(a)(2) (Vernon Supp.1996). Dismissal properly lies only where a claim has no arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 330, 109 S.Ct. 1827, 1834, 104 L.Ed.2d 338, 350 (1989); *Johnson v. Lynaugh*, 796 S.W.2d 705, 706 (Tex.1990); *Jackson v. Stinnett*, 881 S.W.2d 498, 500 (Tex.App.—El Paso 1994, no writ). Since appellant's claim was dismissed without hearing, the court could not have determined the appellant had no arguable basis in fact, which in most cases requires a fact hearing. *McDonald v. Houston Dairy*, 813 S.W.2d 238 (Tex.App.—Houston [1st Dist.] 1991, no writ). This reduces our inquiry to a determination of whether there is any arguable basis in law for appellant's claims. *Id.*

**2.  Expunction**

■■■ The right to expunction is neither a constitutional nor common-law right, but rather a statutory privilege. *State v. Autumn Hills Centers, Inc.*, 705 S.W.2d 181, 182 (Tex.App.—Houston [14th Dist.] 1985, no writ). Article 55.01 of the Texas Code of Criminal Procedure provides wrongfully arrested persons the opportunity to expunge

their arrest records. TEX.CODE CRIM.PROC. ANN. art. 55.01 (Vernon Supp.1996); *State v. Knight*, 813 S.W.2d 210, 212 (Tex.App.—Houston [14th Dist.] 1991, no writ). Although article 55.01 is written into the Code of Criminal Procedure, an expunction proceeding is civil rather than criminal and appellant bears the burden of proving compliance with the statute. *Texas Dep't of Pub. Safety v. Katopodis*, 886 S.W.2d 455, 457 (Tex.App.—Houston [1st Dist.] 1994, no writ). In a statutorily created cause of action, all the statutory provisions are mandatory and exclusive, and a person is entitled to expunction only when all of the statutory conditions have been met. *Harris County Dist. Attorney's Office v. Burns*, 825 S.W.2d 198, 202 (Tex.App.—Houston [14th Dist.] 1992, writ denied).

There are two distinct provisions for expunction in article 55.01. Article 55.01(a)(1) and (2) set out alternate conditions for expunction by right. Article 55.01(b) sets out the conditions for discretionary expunction. *Ex parte Current*, 877 S.W.2d 833, 835–36 (Tex.App.—Waco 1994, no writ). Appellant claims he is entitled to expunction under the mandatory provisions of article 55.01(a).

### *Point of Error 1*

█ In appellant's first point of error, he claims that it was an abuse of discretion to dismiss his petition for expunction in Cause No. 1851 and that he is entitled to expunction under article 55.01 of the Texas Code of Criminal Procedure.

Appellant must demonstrate he meets the mandatory provision of either article 55.01(a)(1) or 55.01(a)(2) to be entitled to expunction. The provisions of article 55.01(a) are set forth below.

**Art. 55.01   Right to Expunction**

(a) A person who has been arrested for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

(1) the person is tried for the offense for which the person was arrested and is:

(A) acquitted by the trial court; or

(B) convicted and subsequently pardoned; *or*

(2) each of the following conditions exist:

(A) an indictment or information charging him with commission of a felony has not been presented against him for an offense arising out of the transaction for which he was arrested or, if an indictment or information charging him with commission of a felony was presented, it has been dismissed and the court finds that it was dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense *or because it was void;*

(B) he has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered probation under Article 42.12, Code of Criminal Procedure, nor a conditional discharge under Section 481.109, Health and Safety Code; and

(C) he has not been convicted of a felony in the five years preceding the date of the arrest.

TEX.CODE CRIM.PROC.ANN. art. 55.01 (Vernon Supp.1996)[emphasis added].

█ If the provisions under articles 55.01(a)(1) or 55.01(a)(2) are satisfied, the judge below does not have discretion to dismiss the petition nor to deny expunction. *Ex parte Current*, 877 S.W.2d at 836.

Appellant does not claim that he was acquitted or pardoned, thus, article 55.01(a)(1) is not at issue. However, the Court of Criminal Appeals ruled that the indictment in Cause No. 1851 was fundamentally defective for failing to allege an essential element of the offense. The failure of an indictment to allege all of the elements of an offense renders the indictment void. *Fisher v. State*, 887 S.W.2d 49, 54 (Tex.Crim.App.1994); *see also, Ex parte Cannon*, 546 S.W.2d 266, 268 (Tex.Crim.App.1976) (indictment that failed to allege facts to constitute all elements of offense was fundamentally defective and void). The final clause of article 55.01(a)(2)(A) includes as an alternate condition for mandatory expunction a void indictment, therefore, appellant has satisfied the

first of the three requirements of article 55.01(a)(2).

■ If the indictment is void, it logically follows that a conviction, based on a void indictment, is a nullity, therefore not a final conviction. *See Jefferson County Criminal Dist. Attys. Office v. Parker,* 766 S.W.2d 573, 577 (Tex.App.—Beaumont 1989, no writ) (Brookshire, J. dissenting), *citing Illinois v. Somerville,* 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973). There is not a final conviction, and appellant states that the other conditions of article 55.01(a)(2)(B) have been met.

Finally, appellant states that he had not been convicted of a felony in the five years preceding the date of the arrest for the offense he seeks to expunge, satisfying the final condition for expunction by right under article 55.01(a)(2). TEX.CODE CRIM.PROC. ANN. art. 55.01(a)(2)(C) (Vernon Supp.1996).

We find there is a legal and factual basis for appellant's petition to have the record in Cause No. 1851 expunged. The trial court therefore abused its discretion in dismissing the petition as frivolous.

### Point of Error 2

■ In appellant's second point of error, he asserts that it was an abuse of discretion to dismiss his petition for expunction of Cause No. 3010 and he is entitled to expunction under article 55.01.

■ In Cause No. 3010, Appellant has failed to demonstrate that he meets the conditions in the statute that would entitle him to expungement. Appellant does not claim that he was acquitted nor pardoned, thus, article 55.01(a)(1) is not at issue. Appellant does however assert that the dismissal of the indictment for insufficient evidence constitutes "no probable cause" and he is therefore entitled to expunction. Under article 55.01(a)(2)(A), appellant must show that a "mistake, false information, or other similar reason" caused the presentment and that in turn caused the dismissal. *Ex parte Kilberg,* 802 S.W.2d 17, 18 (Tex.App.—El Paso 1990, no writ). This requires proof that the decision to indict was based on erroneous facts. *Id.* A showing that the evidence against

appellant was excluded on procedural grounds is not the same as showing that the factual underpinnings to the presentment and indictment of the offense were incorrect. *Thomas v. State,* 916 S.W.2d 540, 545 (Tex. App.—Waco 1995, no writ); *Ex parte Kilberg,* 802 S.W.2d at 19.

■ Although this court found appellant's oral confession inadmissible, this confession rules out any claim that the presentment was made because of mistake, false information, or other reason indicating an absence of probable cause to believe appellant committed the offense. *Kilberg,* 802 S.W.2d at 19. A determination that evidence presented to the grand jury is not admissible at trial or was admitted erroneously does not entitle the appellant to expunction under article 55.01. *Harris County Dist. Attorney's Office v. M.G.G.,* 866 S.W.2d 796, 799 (Tex.App.—Houston [14 Dist.] 1993, no writ). Appellant fails to meet the first condition of article 55.01(a)(2), therefore there is no legal basis to sustain appellant's petition for expunction in Cause No. 3010. Appellant's reliance on *Ex parte Current,* 877 S.W.2d 833 (Tex. App.—Waco 1994, no writ) is misplaced. In that case, the intermediate court reversed the conviction on the grounds of insufficient evidence, but also instructed the trial court to enter a judgment of acquittal. *Id.* at 835. The fact that the appellant had been convicted at trial precluded expunction by right, and the appellant was eligible for expunction only under the permissive provisions of article 55.01(b). In the present case, appellant has been convicted at trial and is therefore precluded from expunction by right. Nor is appellant eligible for expunction under the permissive provision of article 55.01(b). The intermediate court did not acquit appellant, but remanded for a new trial.

The trial court did not abuse its discretion in dismissing appellant's petition for expunction in Cause No. 3010.

### CONCLUSION

The trial court's judgment is reversed and remanded in part and affirmed in part. We find that in Cause No. 1851, the trial court abused its discretion in dismissing the suit as

frivolous and that portion of the expunction petition is remanded for hearing. In Cause No. 3010, there was neither legal nor factual support to sustain appellant's claim, therefore, the dismissal is affirmed.