

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00014-CV

**DENNIS ALAN DAVIS,**

                                     **Appellant**

 **v.**

**JOYCE GUERRA, ET AL,**

                                     **Appellee**

From the 12th District Court
Walker County, Texas
Trial Court No. 26058

---

## MEMORANDUM OPINION

---

This is an inmate-litigation case under chapter 14 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001-.014 (West 2002 & Supp. 2012). In ten issues, which can be categorized as three, appellant, Dennis Alan Davis, challenges the trial court's dismissal of his lawsuit as frivolous under chapter 14. *See id.* §§ 14.001-.014. We affirm.

# I.   BACKGROUND

Here, appellant, an inmate in the O.B. Ellis Unit in Huntsville, Texas, filed suit against three employees of the Institutional Division of the Texas Department of Criminal Justice—appellees, Joyce Guerra, Lakeshia Davis, and Brenda Hough.  In his original petition, appellant asserted claims under chapter 37 of the Texas Civil Practice and Remedies Code and title 42, section 1983 of the United States Code.  *See generally* TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.001-.011 (West 2008); 42 U.S.C. § 1983.  In particular, appellant argued that appellees violated his civil rights by:

> (1) subjecting him to deliberate indifference to his serious medical condition and/or needs, by (2) interfering with treatment once prescribed, which (3) constitutes gross negligence and malice by placing him in a life-threatening situation of physical harm with conscience [sic] indifference to his rights, safety[,] and welfare, with the intent to harm or injure the plaintiff by (4) intentionally misdiagnosing and/or identifying and reporting his true medical state by (5) tampering with a government record.  Defendants also (6) denied the plaintiff adequate redress by grievance.

In response to appellant's original petition, the Office of the Attorney General of Texas ("OAG") filed an "Amicus Curiae Chapter 14 Advisory To The Court."  In this filing, the OAG argued that appellant's claims were frivolous under chapter 14 of the Texas Civil Practice and Remedies Code because, among other things, (1) appellant's complaints have no basis in law and no chance of success; (2) several of appellant's complaints do not amount to a cognizable cause of action; and (3) appellant did not suffer any injury as a result of appellees' actions.

Thereafter, appellant requested a chapter 14 hearing, which the trial court granted.  On November 13, 2012, the trial court conducted a hearing in which only

argument was presented. At the conclusion of the hearing, the trial court concluded that appellant's suit did not comply with chapter 14. Accordingly, the trial court dismissed appellant's suit as frivolous under chapter 14.

Later, appellant filed a motion for new trial and requests for findings of fact and conclusions of law. Appellant's motion for new trial was overruled by operation of law. *See* TEX. R. CIV. P. 329b(c). This appeal followed.

## II.  INMATE LITIGATION

Inmate litigation is governed by the procedural rules set forth in chapter 14 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001-.014; *see also Trevino v. Ravenburg*, No. 10-11-00245-CV, 2012 Tex. App. LEXIS 3323, at *5 (Tex. App.—Waco Apr. 25, 2012, pet. denied) (mem. op.). The Texas Legislature enacted chapter 14 to control the flood of lawsuits filed in state courts by prison inmates, which consume valuable judicial resources with seemingly little offsetting benefit. *Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex. App.—Waco 1996, no writ). This Court has noted:

> Prisoners have everything to gain and little to lose by filing frivolous suits. It costs them almost nothing; time is of no consequence to a prisoner; threats of sanctions are virtually meaningless; and the prisoner can look forward to a day trip to the courthouse. Thus, the temptation to file a frivolous suit is strong. Such suits, however, waste valuable resources and subject the state and its prison officials to the burden of unwarranted litigation, preventing claims with merit from being heard expeditiously.

*Id.* (internal citations omitted).

Generally, the dismissal of inmate litigation under chapter 14 is reviewed for abuse of discretion. *Brewer v. Simental*, 268 S.W.3d 763, 767 (Tex. App.—Waco 2008, no

pet.).  "To establish an abuse of discretion, an appellant must show the trial court's actions were arbitrary or unreasonable in light of all the circumstances.  The standard is clarified by asking whether the trial court acted without reference to any guiding rules or principles."  *Spurlock v. Schroedter*, 88 S.W.3d 733, 735-36 (Tex. App.—Corpus Christi 2002, pet. denied) (internal citations omitted).  We may not substitute our judgment for that of the trial court with respect to the resolution of factual issues or matters committed to the trial court's discretion.  *See In re Spooner*, 333 S.W.3d 759, 763 (Tex. App.—Houston [1st Dist.] 2010, orig. proceeding); *see also Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985).  The judgment of the trial court will be affirmed if that judgment can be upheld on any reasonable theory supported by the evidence.  *Ex parte E.E.H.*, 869 S.W.2d 496, 497-98 (Tex. App.—Houston [1st Dist.] 1993, writ denied); *Harris County Dist. Attorney's Office v. Burns*, 825 S.W.2d 198, 200 (Tex. App.—Houston [14th Dist.] 1992, writ denied).  We consider only the evidence most favorable to the judgment, and if there is some evidence to support the judgment, we will affirm.  *State v. Knight*, 813 S.W.2d 210, 211 (Tex. App.—Houston [14th Dist.] 1991, no writ).

In conducting our review, we take as true the allegations in the inmate's petition and review the types of relief and causes of action set out therein to determine whether, as a matter of law, the petition stated a cause of action that would authorize relief.  *See Leachman v. Dretke*, 261 S.W.3d 297, 304 (Tex. App.—Fort Worth 2008, no pet.) (citing *Scott v. Gallagher*, 209 S.W.3d 262, 265 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Harrison v. Tex. Dep't of Criminal Justice, Inst. Div.*, 164 S.W.3d 871, 875 (Tex. App.—

Corpus Christi 2005, no pet.)).  A claim has no arguable basis in the law if it is an indisputably meritless legal theory.  *Id.* (citing *Scott*, 209 S.W.3d at 266-67).

### III.   FINDINGS OF FACT AND CONCLUSIONS OF LAW

In what we characterize as his first issue, appellant complains that the trial court abused its discretion by failing to issue findings of fact and conclusions of law. Specifically, appellant argues that the chapter 14 hearing was a fact hearing and that the trial court was obligated to issue findings of fact and conclusions of law to explain its reasons for dismissing his lawsuit.  We disagree.

### A.   Applicable Law

Texas Rule of Civil Procedure 296 provides that:  "In any case tried in the district or county court without a jury, any party may request the court to state in writing its findings of fact and conclusions of law."  TEX. R. CIV. P. 296.  Further, rule 297 states that:  "The court shall file its findings of fact and conclusions of law within twenty days after a timely request is filed."  *Id.* at R. 297.  However, Texas courts have held that Texas Rules of Civil Procedure 296 and 297 do not apply when a court dismisses a case under chapter 14 of the Texas Civil Practice and Remedies Code without holding a fact hearing.  *See Retzlaff v. Tex. Dep't of Criminal Justice*, 94 S.W.3d 650, 655 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (citing *Zimmerman v. Robinson*, 862 S.W.2d 162, 163 (Tex. App.—Amarillo 1993, no writ); *Timmons v. Luce*, 840 S.W.2d 582, 586 (Tex. App.—Tyler 1992, no writ)); *Kendrick v. Lynaugh*, 804 S.W.2d 153, 156 (Tex. App.—Houston [14th Dist.] 1990, no writ); *see also Smith v. Quada*, No. 10-09-00414-CV, 2011 Tex. App. LEXIS 5122, at **5-6 (Tex. App.—Waco July 6, 2011, pet. denied) (mem. op.);

*White v. State*, No. 12-09-00342-CV, 2011 Tex. App. LEXIS 1444, at *10 (Tex. App.—Tyler Feb. 28, 2011, no pet.) (mem. op.) ("[T]his court has held that rules 296 and 297 do not apply in an inmate suit that is dismissed for failure to comply with the pleading requirements of chapter fourteen. In that case, we held that a trial court could not make findings of fact since the trial court had merely dismissed the case because of deficiencies in the pleadings and had not heard any evidence." (internal citations omitted)); *Walker v. Callahan*, No. 04-05-00095-CV, 2005 Tex. App. LEXIS 7887, at **3-4 (Tex. App.—San Antonio Sept. 28, 2005, no pet.) (mem. op.); *In re Decker*, No. 06-04-00134-CV, 2004 Tex. App. LEXIS 10843, at *3 (Tex. App.—Texarkana Dec. 3, 2004, orig. proceeding) (mem. op.); *Harris v. West*, No. 09-98-231-CV, 1998 Tex. App. LEXIS 7626, at **5-6 (Tex. App.—Beaumont Dec. 10, 1998, no pet.) (per curiam) (not designated for publication) ("The procedure for filing findings of fact and conclusions of law applies only to cases tried on the merits. The trial court need not make findings of fact and conclusions of law when there has been no bench trial." (internal citations omitted)). The reasons for not applying rules 296 and 297 when a case is dismissed pursuant to chapter 14 are that: (1) the case was dismissed due to deficiencies in the pleadings; and (2) the trial court has not conducted a trial on the merits of the inmate's suit. *See Timmons*, 840 S.W.2d at 586.

In the instant case, the trial court conducted a chapter 14 hearing where no evidence was tendered or admitted. The purpose of the hearing was to determine whether appellant's lawsuit complied with chapter 14. At the conclusion of the hearing, the trial court concluded that appellant had not complied with chapter 14 and,

therefore, dismissed appellant's lawsuit.[1]  This hearing was not a trial on the merits.

Consequently, because appellant's suit was summarily dismissed as frivolous without a

trial, we conclude that the trial court was under no duty to file findings of fact and

conclusions of law in this case.  *See id.*; *Retzlaff*, 94 S.W.3d at 655; *Kendrick*, 804 S.W.2d at

156; *see also Smith*, 2011 Tex. App. LEXIS 5122, at *6; *Harris*, 1998 Tex. App. LEXIS 7626,

at **5-6.  Thus, we overrule appellant's first issue.

## IV.    THE USE OF RESTRAINTS DURING THE HEARING

In what we characterize as appellant's third issue, appellant contends that the

trial court abused its discretion by allowing him to remain in restraints during the

chapter 14 hearing.  Citing article I, section 13 of the Texas Constitution and the First

Amendment of the United States Constitution, appellant asserts that he was prevented

from presenting his case because he was physically restrained in both handcuffs and leg

shackles.  *See* U.S. CONST. amend. I; *see also* TEX. CONST. art. I, § 13.

We first note that the transcript of the chapter 14 hearing does not reveal that

appellant raised this objection in the trial court, much less obtain an adverse ruling on

an objection.  To preserve error, Texas Rule of Appellate Procedure 33.1(a)(1) requires

that a complaining party must make a timely and specific objection to preserve error.

[1] It is noteworthy that the dismissal of an in-forma-pauperis lawsuit lies when a claim has no arguable basis in law or fact.  *See In re Wilson*, 932 S.W.2d 263, 265 (Tex. App.—El Paso 1996, no writ).  In addition, in most cases, a trial court cannot dismiss such a lawsuit based on a determination that the lawsuit lacks an arguable basis in fact without having a fact hearing.  *Id.* (citing *McDonald v. Houston Dairy*, 813 S.W.2d 238, 239 (Tex. App.—Houston [1st Dist.] 1991, no writ)).  However, a trial court can dismiss an in-forma-pauperis lawsuit without a fact hearing if the lawsuit lacks an arguable basis in law. *See id.*; *see also McDonald*, 813 S.W.2d at 239 ("Here, the trial court did not state a reason for deciding the suit was frivolous.  Because the trial court dismissed without a hearing, the court could not have determined that McDonald had no arguable basis in fact, which in most cases requires a fact hearing. That leaves us with one simple issue:  Did McDonald have any arguable basis in law for filing his suit?  If the answer is yes, we must order reinstatement; if no, we will affirm the dismissal.").

TEX. R. APP. P. 33.1(a)(1). Moreover, rule 33.1(a)(2) requires that the record show an express or implicit ruling on the objection by the trial court or a refusal to rule on the objection, coupled with an objection to that refusal to rule by the complaining party. *Id.* at R. 33.1(a)(2). Therefore, because appellant did not object in the trial court, and because the record does not contain any ruling on a complaint about restraints, we cannot say that this issue has been preserved for appellate review. *See id.* at R. 33.1(a)(1)-(2). And even if appellant had preserved this issue for review, he does not cite any relevant authority to support his complaint in this issue. Accordingly, we could also conclude that this issue has not been adequately briefed. *See id.* at R. 38.1(i); *see also Tesoro Petroleum Corp. v. Nabors Drilling U.S.A., Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) (noting that Texas Rule of Appellate Procedure 38 requires a party to provide the reviewing court with "a succinct, clear, and accurate statement of the argument made in the body of the brief. . . . This is not done by merely uttering brief conclusory statements, unsupported by legal citations"). Either way, we overrule appellant's third issue.

### V. DO APPELLANT'S CLAIMS HAVE AN ARGUABLE BASIS IN THE LAW?

In his remaining issues, which we categorize as appellant's second issue, appellant complains about the trial court's dismissal of his lawsuit as frivolous.

## A.    Dismissal With Prejudice as Frivolous

We review de novo whether the plaintiff's claims have no basis in law such that dismissal on that ground is authorized. *See Retzlaff*, 94 S.W.3d at 653. Section 14.003(a)(2) of the Texas Civil Practice and Remedies Code provides as follows, in pertinent part: "A court may dismiss a claim, either before or after service of process, if the court finds that . . . the claim is frivolous or malicious[.]" TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2).

> In determining whether a claim is frivolous or malicious, the court may consider whether:  (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.

*Id.* § 14.003(b).

## B.    Appellant's Deliberate Indifference Claims

Among appellant's complaints in his original petition is that Lakeshia Davis, a purported Certified Medication Aide at the O.B. Ellis Unit, and Hough, a nurse practitioner in the jail, were deliberately indifferent to appellant's medical condition. In particular, appellant asserted that Davis interfered with his medical treatment by failing to provide him with blood-pressure medication for two weeks. With regard to Hough, appellant alleged that Hough made false entries in appellant's medical records and failed to conduct a proper annual physical on appellant.

> Section 1983 creates a private right of action to vindicate violations of rights, privileges, and immunities secured by the Constitution and laws of the United States. *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501, 192 L. Ed. 2d 593 (2012).  A prison official's deliberate indifference to a substantial risk of

> serious harm to a prisoner violates the Eighth Amendment's prohibition against cruel and unusual punishment. *Farmer v. Brennan*, 511 U.S. 825, 828, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). Deliberate indifference is an extremely high standard to meet. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). To establish deliberate indifference, a prisoner must show that the prison official knew of and disregarded an excessive risk to the prisoner's health or safety. *Farmer*, 511 U.S. at 837. The prisoner must show both that the official was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and that the official actually drew the inference. *Id.*

*Heirs of Del Real v. Eason*, 374 S.W.3d 483, 486-87 (Tex. App.—Eastland 2012, no pet.); *see, e.g., Khoshdel v. Goosby*, No. 10-12-00011-CV, 2012 Tex. App. LEXIS 9120, at *2 (Tex. App.—Waco Nov. 1, 2012, pet. denied) (mem. op.).

> "The facts underlying a claim of 'deliberate indifference' must clearly evince the medical need in question and the alleged official dereliction." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985) (citing *Woodall v. Foti*, 648 F.2d 268 (5th Cir. 1981)); *County of El Paso* [*v. Dorado*], 180 S.W.3d [854,] 863 [(Tex. App.—El Paso 2005, pet. denied)] (holding that an inmate must prove that a jail official was subjectively aware of facts from which an inference could be drawn that a substantial risk of serious harm existed and that the jail official actually drew such an inference). Specifically, a plaintiff must demonstrate that prison officials "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson*, 759 F.2d at 1238); *County of El Paso*, 180 S.W.3d at 863. Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *Banuelos* [*v. McFarland*], 41 F.3d [232,] 235 [(5th Cir. 1995)] (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 193-95 (5th Cir. 1993)); County of El Paso, 180 S.W.3d at 868.

*Davis v. Barnett*, No. 02-09-00207-CV, 2010 Tex. App. LEXIS 6423, at **10-11 (Tex. App.—Fort Worth Aug. 5, 2010, no pet.) (mem. op.).

In addition, the Fifth Circuit has noted that isolated incidents of missed medications are insufficient to establish a claim for deliberate indifference. *See Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992) ("The treatment may not have been the best that money could buy, and occasionally, a dose of medication may have been forgotten, but these deficiencies were minimal, they do not show an unreasonable standard of care, and they fall far short of establishing deliberate indifference by the prison authorities."). "[A]n official's failure to perceive and to alleviate a risk is not an infliction of punishment. Moreover, negligent medical treatment is not a violation of section 1983." *Tex. Dep't of Criminal Justice v. Thomas*, 263 S.W.3d 212, 219 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (citations omitted). Evidence of inadvertent failure to provide medical care or negligent diagnosis is insufficient to establish "unnecessary and wanton infliction of pain" in violation of the Eighth Amendment. *Cole v. Frizzell*, No. 13-07-00092-CV, 2008 Tex. App. LEXIS 6168, at *10 (Tex. App.—Corpus Christi Aug. 14, 2008, no pet.) (mem. op.) (citing *Wilson v. Seiter*, 501 U.S. 294, 297, 111 S. Ct. 2321, 2323, 115 L. Ed. 2d 271 (1991) (holding that "inadvertent failure to provide adequate medical care" fails to establish the requisite culpable state of mind)). Furthermore, in proving deliberate indifference, the inmate must prove that the jail official acted with culpability clearly beyond that of mere negligence. *See McClendon v. City of Columbia*, 305 F.3d 314, 326 (5th Cir. 2002) (en banc) (per curiam); s*ee also Cole*, 2008 Tex. App. LEXIS 6168, at *9.

In his petition, appellant does not assert any facts demonstrating that Davis or Hough acted with culpability clearly beyond that of mere negligence. *See McClendon*,

305 F.3d at 326; *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1993) (holding that unsuccessful medical treatment, "mere negligence, neglect[,] or medical malpractice" do not give rise to a section 1983 cause of action); *see also Cole*, 2008 Tex. App. LEXIS 6168, at *9. Moreover, in light of *Mayweather*, we do not believe that appellant's purported failure to receive medications for two weeks rises to the level of deliberate indifference. *See* 958 F.2d at 91. In addition, we cannot say that appellant alleged facts to establish that Hough's actions rose to the level of deliberate indifference. *See id.*; *see also County of El Paso*, 180 S.W.3d at 868 ("An inmate's disagreement with the kind of medical treatment that he has received is insufficient as a matter of law to state an Eighth Amendment violation."). Accordingly, we conclude that appellant's deliberate indifference claims do not have a basis in the law. *See Leachman*, 261 S.W.3d at 304; *see also Scott*, 209 S.W.3d at 266-67.

**C.     Appellant's Gross-Negligence and "Malice" Claims**

A review of appellant's original petition shows that appellant asserted claims in gross negligence against Davis and Hough and a claim of "malice" against Davis. On appeal, appellant explains that these claims were brought within the context of his section 1983 claims and under chapter 41 of the Texas Civil Practice and Remedies Code.

"[D]eliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 2001) (citing *Hare v. City of Corinth*, 74 F.3d 633, 645, 649 (5th Cir. 1996) (en banc)). Furthermore, "malice" is not an independent cause of

action. In fact, in his original petition, appellant claims that both Davis and Hough violated section 41.001(7) of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 41.001(7) (West 2008) (defining "malice" as "a specific intent by the defendant to cause substantial injury or harm to the claimant"). This provision of chapter 41 merely defines the term, "malice"; it does not somehow create an independent cause of action upon which appellant can rely. *See id.* Accordingly, because deliberate indifference cannot be inferred from a negligent or grossly negligent response to a substantial risk of harm, and because appellant's "malice" claims are not cognizable causes of action, we cannot say that these claims have a basis in the law. *See id.*; *see also Thompson*, 245 F.3d at 459; *Leachman*, 261 S.W.3d at 304; *Scott*, 209 S.W.3d at 266-67.

**D.     Appellant's Claims Against Guerra**

And finally, in his original petition, appellant alleged that Guerra, the Unit Grievance Investigator:

> Denied his guaranteed rights of grievance, by failing to properly investigate, address nor remedy the grievance issues and/or claims presented. Further, defendant Guerra violated numerous manatory [sic] procedures which are found in TDCJ's Offender Grievance Manual (OGOM). These OGOM violations were intentionally and purposely disregarded towards the plaintiff's serious medical claims, thus subjecting the plaintiff to further risk of serious medical and physical harm.

However, attached to appellant's original petition are grievance forms that appellant filed. Included with the forms are responses to appellant's grievances from prison officials. Based on these attachments, appellant's grievances were addressed, though not to his liking. Inmates do not have a constitutionally-protected interest in

having their grievances resolved to their satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) ("[A] prisoner has a liberty interest only in freedoms from restraint . . . imposing atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Geiger does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless."). Because the crux of appellant's complaints against Guerra pertain to appellant's dissatisfaction with Guerra's resolution of his grievances, in light of *Geiger*, we cannot say that appellant has asserted a cause of action against Guerra that has an arguable basis in law. *See id.*; *see also Leachman*, 261 S.W.3d at 304; *Scott*, 209 S.W.3d at 266-67.

Based on the foregoing, we conclude that appellant's claims against Davis, Hough, and Guerra lack an arguable basis in law. *See Leachman*, 261 S.W.3d at 304; *see also Scott*, 209 S.W.3d at 266-67. As such, we cannot say that the trial court abused its discretion in dismissing appellant's lawsuit as frivolous under chapter 14. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2), (b); *Brewer*, 268 S.W.3d at 767. We therefore overrule appellant's second issue.

## VI.    CONCLUSION

Because we have overruled all of appellant's issues on appeal, we affirm the judgment of the trial court.

                AL SCOGGINS
                Justice

Before Chief Justice Gray,
       Justice Davis, and
       Justice Scoggins
Affirmed
Opinion delivered and filed October 10, 2013
[CV06]