In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00373-CV**
_____

**SHERON G. TERRELL, Appellant**

**V.**

**JEKERRIA R. CARTER, ET AL, Appellees**

_____

**On Appeal from the 411th District Court**
**Polk County, Texas**
**Trial Cause No. CIV32681**
_____

**MEMORANDUM OPINION**

Pro se Appellant Sheron G. Terrell appeals from orders dismissing his lawsuit

with prejudice and declaring him a vexatious litigant. *See* Tex. Civ. Prac. & Rem.

Code Ann. §§ 11.051-.100, 14.001-.014. We affirm.

Procedural Background

On April 8, 2019, Terrell, then an inmate at the Polunsky Unit of the Texas

Department of Criminal Justice (TDCJ), filed a pro se petition against Jekerria Carter

(Correctional Officer), Cynthia Ivins (Correctional Officer), Steven Stowe

(Correctional Officer), Jamar Bey (Correctional Officer), and Lorie Davis (Executive Director of the TDCJ) (collectively "Defendants"). In a First Supplemental Petition, Terrell named three Correctional Officers as defendants: Steven Stowe, Likiva Woods, and "John/Jane Doe."

According to Terrell, in February 2018, he was assigned to the Utility Shower Crew to clean showers in four buildings. Terrell alleged that he was instructed that the shower crew workers were to pick up supplies at the "B-Side Turnout," check in with the desk officer, and turn in their IDs upon arriving at a building, but that workers could move freely between buildings during their shift.

Terrell alleged that in July 2018, he experienced intimidation and harassment from Correctional Officer Stowe while walking in a hallway between two work sites. Terrell sought assistance from a supervisor, Correctional Officer Rose Buffington, on September 4, 2018, and asked Buffington to call Lieutenant Jekerria Carter. Buffington called Carter and said that Terrell needed to know who he worked for and he was having problems with Stowe. According to the petition, Carter said she would call Buffington back, but she did not, and Buffington referred Terrell to Sergeant Cynthia Ivins. Terrell subsequently discussed his complaints about Stowe with Ivins and another officer, and Ivins made a call to Stowe to ask about Terrell's job. The petition alleged that Ivins became "defensive" during the call and told Terrell she was going to talk with Lieutenant Carter about Stowe.

2

In his petition Terrell alleged that, on the following day, after Terrell had reported for work, Stowe stopped Terrell and asked, "Where do you think you're going?" In response, Terrell claims he said, "I need to talk to Lt. Carter about you!" and he claims he was told to stay put while Stowe called Carter. According to Terrell, after Stowe called Carter, Carter arrived with another officer and instructed Sergeant Bey to lock Terrell up, Terrell was escorted to pre-hearing detention, and Stowe filed disciplinary offenses against Terrell for creating a disturbance and being out of place.

According to the petition, "such rule violations were arbitrary under the circumstances[,]" Terrell suffered harm as a result of retaliation for exercising his right to free speech, and he was deprived of a state-created liberty interest and due process. Terrell alleged that Terrell would not have incurred disciplinary charges and resulting punishment but for Stowe's retaliation for Terrell exercising his constitutional rights to "informally resolve" his problem. Terrell asserted that he had claims under 42 U.S.C. § 1983, the United States Constitution, and the Texas Constitution for harassment and intimidation in retaliation for Terrell's use of the grievance procedure. Terrell sought declaratory and injunctive relief, expunction of a disciplinary offense, transfer to another unit, and compensatory and punitive damages.

On June 28, 2019, the Defendants filed a Motion to Declare Plaintiff Vexatious, Motion for Prefiling Order, and Motion to Dismiss Pursuant to Chapter Fourteen. Defendants' motion argued that Terrell's lawsuit should be dismissed because he failed to meet the procedural requirements of Chapter 14, his claims based on respondeat superior were barred in a section 1983 suit for damages, the denial of relief in the grievance process does not implicate a constitutional due process violation, the Texas Constitution does not recognize a private right of action for damages, and his claim for retaliation is conclusory and fails to allege sufficient facts to establish causation. Defendants' motion also sought to declare Terrell a vexatious litigant because his "present suit is barred by Chapter 14, and he has unsuccessfully prosecuted a glut of frivolous lawsuits in the past."

The trial court held a hearing on Defendants' motion on September 16, 2019, and at the conclusion of the hearing the court stated to Terrell "I'm going to grant the motion to declare you a vexatious litigant." The same day, the trial court signed an order dismissing with prejudice Terrell's claims against the Defendants. The trial court also signed a Pre-Filing Order indicating that Terrell had been declared a vexatious litigant under Chapter 11 and ordering him to obtain permission from a local administrative judge prior to filing any new litigation in State court. Terrell subsequently filed a notice of appeal.

Issues

Appellant argues that the trial court abused its discretion by dismissing the lawsuit without conducting a fact hearing. According to Appellant, a trial court may only dismiss a Chapter 14 lawsuit if it determines the lawsuit has no arguable basis in law, which Appellant argues was error. Appellant also argues that the trial court abused its discretion by granting the Defendants' vexatious-litigant motion. According to Appellant, the trial court never entered an order requiring Appellant to furnish security within a specific timeframe to the Defendants. Appellant then includes several other allegations in support of his stated issues.

Standard of Review

We review the trial court's dismissal of an inmate's claims under Chapter 14 for an abuse of discretion. *Brewer v. Simental*, 268 S.W.3d 763, 767 (Tex. App.—Waco 2008, no pet.); *Retzlaff v. Tex. Dep't of Criminal Justice*, 94 S.W.3d 650, 654 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). "The test for abuse of discretion is not whether, in the opinion of [this Court], the facts present an appropriate case for the trial court's action. Rather, it is a question of whether the court acted without reference to any guiding rules and principles." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). Appellant bears the burden of overcoming the presumption that the trial court's action was justified. *See Retzlaff*, 94 S.W.3d at 654. Because the order in this case does not specify the

sections of Chapter 14 upon which the trial court relied in granting the dismissal, we will affirm the order if any of the grounds presented to the trial court were meritorious. *See Garza v. Garcia*, 137 S.W.3d 36, 37 (Tex. 2004); *Turner v. TDCJ–ID Allen B. Polunsky Unit*, No. 09-12-00517-CV, 2013 Tex. App. LEXIS 7820, at *3 (Tex. App.—Beaumont June 27, 2013, pet. denied) (mem. op.) ("We will affirm the trial court's dismissal if it was proper under any legal theory.") (citing *Johnson v. Lynaugh*, 796 S.W.2d 705, 706-07 (Tex. 1990)).

We construe an appellant's pro se brief liberally. *See Giddens v. Brooks*, 92 S.W.3d 878, 880 (Tex. App.—Beaumont 2002, pet. denied); *see also Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989) (a reviewing court construes points of error liberally to obtain a just, fair, and equitable adjudication of the parties' rights). Nevertheless, a pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978).

## Dismissal of the Lawsuit

The trial court may dismiss an inmate's suit before or after service of process if it determines that the suit is frivolous or malicious. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2). In determining whether the suit is frivolous or malicious, the trial court may consider whether (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear the party

cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because it arises from the same operative facts. *Id.* § 14.003(b).

"In most cases, a trial court cannot dismiss an in forma pauperis lawsuit based on a determination that the lawsuit lacks an arguable basis in fact without having a fact hearing." *Gibson v. Trapp*, No. 09-19-00099-CV, 2019 Tex. App. LEXIS 9574, at *3 (Tex. App.—Beaumont Oct. 31, 2019, no pet.) (mem. op.) (citing *In re Wilson*, 932 S.W.2d 263, 265 (Tex. App.—El Paso 1996, no writ)); *see also Johns v. Johnson*, No. 10-03-00388-CV, 2005 Tex. App. LEXIS 1500, at *3 (Tex. App.—Waco Feb. 23, 2005, no pet.) (mem. op.) ("A fact hearing is only necessary if the claim has an arguable basis in law."). However, a trial court does not err under Chapter 14 in dismissing an inmate's claim without a hearing if the inmate's claim has no arguable basis in law. *See Sawyer v. Tex. Dep't of Criminal Justice*, 983 S.W.2d 310, 311 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). "When a trial court dismisses a claim without conducting a hearing, our review focuses on whether the inmate's claim has no basis in law, which is a question of law that we review de novo." *Gibson*, 2019 Tex. App. LEXIS 9574, at **3-4 (citing *Sawyer*, 983 S.W.2d at 311).

Prisoners have a First Amendment right to be free from retaliation for complaining about a prison official's misconduct, and a violation of this right may

7

be actionable under 42 U.S.C. § 1983. *See Institutional Div. of Texas Dep't of Criminal Justice v. Powell*, 318 S.W.3d 889, 892 (Tex. 2010) (citing *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995)). To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *Id.* (citing *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006)); *see also McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998).

To establish a constitutional violation, an inmate must show that he suffered a qualifying adverse retaliatory act. *Id.* at 892 (citing *Morris*, 449 F.3d at 684). An inmate must allege more than *de minimis* retaliation in a section 1983 claim. *See Morris*, 449 F.3d at 684-85. An inmate's personal belief that he is the victim of retaliation is insufficient. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997); *see also Greer v. Reaux*, No. 13-18-00433-CV, 2020 Tex. App. LEXIS 1634, at *9 (Tex. App.—Corpus Christi-Edinburg Feb. 27, 2020, no pet.) (mem. op.); *Mukoro v. Jackson*, No. 01-17-00466-CV, 2018 Tex. App. LEXIS 2777, at *6 (Tex. App.—Houston [1st Dist.] Apr. 19, 2018, pet. denied) (mem. op.). Rather, the inmate must present direct evidence of a motivation or "'allege a chronology of events from which retaliation may plausibly be inferred[]'" and that, but for the retaliatory motive, the incident complained of would not have occurred. *See Mukoro*, 2018 Tex. App. LEXIS 2777, at *6 (quoting *Woods*, 60 F.3d at 1166); *Hoffman v. Monroe*, No.

8

13-13-00643-CV, 2014 Tex. App. LEXIS 9655, at *5 (Tex. App.—Corpus Christi-Edinburg Aug. 29, 2014, no pet.) (mem. op.); *Leachman v. Dretke*, 261 S.W.3d 297, 313 (Tex. App.—Fort Worth 2008, no pet.). A litigant claiming retaliation must allege in his pleadings that his protected conduct was a substantial motivating factor in the defendant's conduct. *Hoffman*, 2014 Tex. App. LEXIS 9655, at *5 (citing *Aguilar v. Chastain*, 923 S.W.2d 740, 744 (Tex. App.—Tyler 1996, writ denied)); *see also Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 284-86 (1977) (explaining that, to successfully allege a claim of retaliation under section 1983, a litigant must demonstrate in his pleadings that his protected conduct was a substantial motivating factor in the defendant's conduct). Conclusory allegations without a specific factual basis are not sufficient to state a claim of retaliation. *See Hoffman*, 2014 Tex. App. LEXIS 9655, at *5; *Upton Cty., Tex. v. Brown*, 960 S.W.2d 808, 827 (Tex. App.—El Paso 1997, no pet.).

First, we conclude that some of Appellant's claims are barred by law. There is no private cause of action for damages for a violation of rights under the Texas Constitution. *See City of Beaumont v. Bouillion*, 896 S.W.2d 143, 150 (Tex. 1995). And respondeat superior is not a proper basis for liability under section 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 470 (6th Cir. 2006); *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002).

9

Second, Appellant's remaining claims contain conclusory allegations of alleged harassment, intimidation, and retaliation. Appellant's petition makes a conclusory allegation that he experienced intimidation and harassment by Officer Stowe. Appellant failed to allege sufficient facts to show that, but for a retaliatory motive, his discipline for being out of place and for creating a disturbance would not have occurred or that the adverse actions he allegedly experienced would "chill or silence a person of ordinary firmness from future First Amendment activities." *See Powell*, 318 S.W.3d at 893; *Hoffman*, 2014 Tex. App. LEXIS 9655, at *5; *Chastain*, 923 S.W.2d at 744. The trial court could have reasonably concluded that Appellant's petition was frivolous because he failed to allege facts sufficient to state a claim for retaliation. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a), (b).

In addition, section 14.004(a) requires an inmate to file a separate affidavit or declaration identifying and describing each lawsuit previously filed by the inmate. *See id.* § 14.004(a). If an inmate does not comply with the affidavit requirements of section 14.004, the trial court is entitled to assume the current lawsuit is substantially similar to one previously filed by the inmate, and, therefore, frivolous. *See Hall v. Treon*, 39 S.W.3d 722, 724 (Tex. App.—Beaumont 2001, no pet.); *see also Giddens*, 92 S.W.3d at 880-81 (a pro se inmate must comply with applicable laws and rules of procedure).

In this case, Terrell filed a declaration that identified only thirteen previous lawsuits that he had filed. The Defendants' motion to dismiss alleges that Terrell's declaration neglected to list the following lawsuits:[1]

> . . . *Sheron Gabriel Terrell v. Keith Hardaway, et al.*, No. 9:17-cv-00078 (USDC; ED-Lufkin Division), which was dismissed without prejudice on February 23, 2018 per Terrell's own motion to dismiss . . . *Terrell v. Lorie Davis, Director*, No. 16-40491 (5th Cir. 2016); *Terrell v. Lorie Davis, Director, et al.*, No. 16-41016 (5th Cir. 2016); and *Terrell v. Gary Hunter, et al.*, No. 18-41015 (5th Cir. 2016).

We have previously concluded that a trial court does not abuse its discretion by dismissing inmate suits when the inmate does not comply with the section 14.004 filing requirements. *See Summers v. State of Tex. Dep't of Criminal Justice*, 256 S.W.3d 752, 757 (Tex. App.—Beaumont 2008, no pet.) (citing *Light v. Womack*, 113 S.W.3d 872, 874 (Tex. App.—Beaumont 2003, no pet.); *Draughon v. Cockrell*, 112 S.W.3d 775, 776 (Tex. App.—Beaumont 2003, no pet.); *Hall*, 39 S.W.3d at 724). Because Appellant did not comply with the requirements of section 14.004 and because his claims have no arguable basis in law, we conclude the trial court did not abuse its discretion in dismissing the lawsuit. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.003(b), 14.004(a); *Hoffman*, 2014 Tex. App. LEXIS 9655, at *6 (citing Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b)(2)). We overrule Appellant's first issue.

---

[1] After Appellant filed his notice of appeal in this lawsuit, the Fifth Circuit decided case No. 18-41015, dismissing Terrell's suit as frivolous. *See Terrell v. Hunter*, 788 F. App'x 997, 998 (5th Cir. 2020). In its opinion, the Fifth Circuit also determined that Terrell is a vexatious litigant under 28 U.S.C. § 1915(g). *Id.*

11

Vexatious Litigant

We review a trial court's declaration of a vexatious litigant for an abuse of discretion. *In re Douglas*, 333 S.W.3d 273, 282 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). We "cannot overrule the trial court's decision unless the trial court acted unreasonably or in an arbitrary manner, without reference to guiding rules or principles." *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002). A trial court's findings under section 11.054 are reviewed for legal and factual sufficiency. *See Willms v. Americas Tire Co., Inc.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied). "In reviewing a legal sufficiency challenge, the no-evidence challenge fails if there is more than a scintilla of evidence to support the finding." *Leonard v. Abbott*, 171 S.W.3d 451, 459 (Tex. App.—Austin 2005, pet. denied). "In reviewing a factual sufficiency challenge, we set aside the trial court's decision only if its ruling is so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust." *Id.*

On or before the ninetieth day after the defendant files the original answer, the defendant may move for an order declaring the plaintiff a vexatious litigant and requiring the plaintiff to furnish security before further pursuing the lawsuit. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.051. Pursuant to section 11.054, the trial court may declare a plaintiff a vexatious litigant if:

> . . . the defendant shows that there is not a reasonable probability that
> the plaintiff will prevail in the litigation against the defendant and that:

12

(1) the plaintiff, in the seven-year period immediately preceding the date the defendant makes the motion under Section 11.051, has commenced, prosecuted, or maintained at least five litigations as a pro se litigant other than in a small claims court that have been:

  (A) finally determined adversely to the plaintiff;

  (B) permitted to remain pending at least two years without having been brought to trial or hearing; or

  (C) determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure;

(2) after a litigation has been finally determined against the plaintiff, the plaintiff repeatedly relitigates or attempts to relitigate, pro se, either:

  (A) the validity of the determination against the same defendant as to whom the litigation was finally determined; or

  (B) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined; or

(3) the plaintiff has previously been declared to be a vexatious litigant by a state or federal court in an action or proceeding based on the same or substantially similar facts, transition, or occurrence.

*Id.* § 11.054; *see also In re Casey*, 589 S.W.3d 850, 852 (Tex. 2019); *Douglas v. Am. Title Co.*, 196 S.W.3d 876, 881-82 (Tex. App.—Houston [1st Dist.] 2006, no pet.). If the trial court determines that the plaintiff is a vexatious litigant, after hearing evidence, the trial court is required to order the plaintiff to furnish security for the benefit of the moving defendant, but the trial court has discretion in determining the date when the security must be furnished. *See Willms*, 190 S.W.3d at 805 (citing Tex. Civ. Prac. & Rem. Code Ann. § 11.055).

We have already determined that the Defendants demonstrated that there was no reasonable probability that Terrell would prevail in the litigation because his claims had no arguable basis in law and that the trial court did not err in dismissing

13

the lawsuit. According to Appellant's own declaration, seven of his previous pro se filings have been decided adversely to him or determined to be frivolous or groundless:

- No. 3:13-CV-187 (dismissed by S.D. Tex.),
- No. 3:14-CV-035 (dismissed by S.D. Tex.),
- PD-0943-14 (pet. ref'd by Tex. Crim. App.),
- WR-81,510-02 (writ denied w.r.o. by Tex. Crim. App.),
- No. 9:14-CV-129 (writ denied by E.D. Tex.),
- No. 9:15-CV-123 (dismissed by E.D. Tex.), and
- No. 9:16-CV-007 (dismissed by E.D. Tex.).

Appellant's declaration also listed five pro se matters as pending for more than two years at the time he filed his petition in this case:

- No. 9:17-CV-164 (pending in the E.D. Tex.),
- No. 9:15-CV-123 (appeal to 5th Cir. pending),
- No. 3:16-CV-179 (pending in the S.D. Tex.),
- No. 9:17-CV-006 (pending in the E.D. Tex.), and
- No. 9:17-CV-132 (pending in the E.D. Tex.).

Therefore, the trial court could have concluded, based on Appellant's own declaration, that in the seven-year period prior to filing his petition in this lawsuit, Appellant had brought at least five pro se lawsuits that were "finally determined adversely to the plaintiff; [] permitted to remain pending at least two years without having been brought to trial or hearing; or [] determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure[.]" Tex. Civ. Prac. & Rem. Code Ann. § 11.054. Accordingly, the trial court did not err in declaring Appellant a vexatious litigant. *See id.*; *Douglas*, 333 S.W.3d at 282-91.

14

Appellant argues that the trial court nonetheless erred because it never entered an order requiring Appellant to furnish security within a specific timeframe to the Defendants. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.055. Appellant failed to preserve this issue for appeal because he failed to present the complaint to the trial court and obtain a ruling thereon. *See* Tex. R. App. P. 33.1. Therefore, we overrule Appellant's second issue.

Having overruled both of Appellant's issues, we affirm the trial court's orders.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on March 2, 2021
Opinion Delivered May 6, 2021

Before Golemon, C.J., Kreger and Johnson, JJ.