44,334-05

November 30, 2015
RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 03 2015

Abel Acosta, Clerk

THE HONORABLE LOUISE PEARSON, CLERK

COURT OF CRIMINAL APPEALS OF TEXAS

P. O. BOX 12308

AUSTIN, TEXAS 78711-2308

RE: Relator's Original Application for Writ of Mandamus
    CAUSE NO. CR-333-CT

Dear Ms. Pearson, Clerk:

Enclosed please find the Original of Relator's Application for a Writ of Mandamus. Please stamp file it and bring it to the attention of the Court. Also please date stamp a copy and return it to the Relator in the self-addressed envelope that has been provided.

Thank you for your time and consideration in this matter.

Respectfully submitted,

Ezra Pleasant, Pro Se
TDCJ-ID #1261021
RAMSEY ONE UNIT TDCJ-ID
1100 F. M. 655
ROSHARON, TEXAS 77583

File/ECP

Enclosure: Exhibits "A" and "B"

| | | |
|---|---|---|
| EZRA PLEASANT | § | IN THE 22ND JUDICIAL |
| TDCJ-ID #1261021 | § | |
| Relator | § | |
| V. | § | DISTRICT COURT OF |
| | § | |
| LISA PACHECO, SUPERVISION OFFICER | § | |
| HAYS COUNTY CSCD | § | |
| IN HER OFFICIAL CAPACITY, | § | |
| RESPONDENT | | |

## A. PLAINFIFF'S ORIGINAL APPLICATION FOR WRIT OF MANDAMUS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Ezra Pleasant, Relator, Pro Se in the above-styled and numbered cause of action and files this original Application for writ of mandamus, pursuant to article 42.12 section 20(a) of the Texas Code of Criminal Procedure, and would show the Court the following:

## B. RELATOR

I

Ezra Pleasant, TDCJ #1261021 is an offender incarcerated in the Texas Department of Criminal Justice and is appearing pro se, who can be located at Ramsey One Unit, 1100 F. M. 655, Rosharon, Brazoria County, Texas 77583.

Relator has exhausted his remedies and has no other adequate remedy at law. The act sought to be compelled is ministerial, not discretionary in nature.

"An act is ministerial, for purposes of a petition for writ of mandamus, when the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion." In re Roof,130 S.W.3d 414, 416 ; see also Community Health Choice, Inc. v. Hawkins, 328 S.W. 3d 10 (2010).

A writ of mandamus is appropriate to compel a public official to perform a ministerial act. See In re Smith, 333 S.W. 3d (2011); also In re Jones, 335 S.W. 3d 772 (2011).

In sum, a person who successfully completes all of the terms and conditions of community supervision must be discharged from community supervision. This is not a discretionary matter; and a person whose conviction is set aside pursuant to an Article 42.12, § 20 order is not a convicted felon. See Cuellar v. State 70 S.W.3d 815, 820.

TCCP ART. 42.12 Section 20(a) requires respondent to immediately, before reducing or terminating a period of community supervision or conducting a review under this section, the judge shall notify the attorney representing the state and the defendant or, if the defendant has an attorney, the defendant's attorney. If the judge determines that the defendant has failed to satisfactorily fulfill the conditions of community supervision, the judge shall advise the defendant in writing of the requirements for satisfactorily fulfilling those conditions. Had this advice been duly sent by respondent as required by statute, relator would have received notice from the court, and fully satisfied the judge's requirements, including, those in Section 20 A (b)-(e).

II

C.   RESPONDENT

Respondent, Lisa Pacheco, in her capacity as "Supervision Officer" of Hays County Community Supervision and Correction Department (HCCSCD), is appointed or employed under Section 76.004, Government Code, to supervise defendants placed on community supervision; and perform all other duties imposed on the "supervision officer" pursuant to TCCP ART. 42.12 Section 2.(3). The judge is responsible under TCCP ART 42.12 Section 20(a) to immediately upon satisfactory fulfillment of the conditions of community supervision, and the expiration of the period of community supervision, the judge by order duly entered, shall amend or modify the original sentence imposed, if necessary, to conform to the community supervision period and shall discharge the defendant. If the judge discharges the defendant under this section, the judge may set aside the verdict or permit the defendant to withdraw his plea, and shall dismiss the accusation, complaint, information or indictment against the defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted or to which he has pleaded guilty. Ms. Lisa Pancheco, Supervision Officer, HCCSCD may be served at her place of business at 712 Stagecoach Trail Suite 1326, San Marcos, Texas 78666.

III

D. VIOLATION OF ART. 42.12 OF THE TEXAS CODE OF CRIMINAL PROCEDURE

The respondent violated article 42.12 section 20(a) of the Texas Code of Criminal Procedure by failing to notify the relator before reducing or terminating his period of community supervision or conducting a review under this section; and by failing to advise the defendant in writing of all requirements necessary to satisfactorily fulfill the conditions of community supervision.

Request for court appointed counsel pursuant to TCCP Article 1.051(c) to assist with the unfavorable status of his community supervision were made by Relator to Judge Boyer, Presiding Judge, 22ND District Court, Hays County, by prepaid First Class Mail dated March 10, 2015; July 29, 2015 pursuant to article 42.12 Section 20(a) of the code of Criminal Procedure. A true and accurate copy of the above letter is attached hereto as Exhibit "A" and is incorporated by reference herein for all purposes.

To date Relator has received no response from Respondent regarding relator's request for court appointed counsel to assist with the unfavorable discharge from community supervision.

Under TCCP Art. 42.12 Section 20(a), the statute which provide a mechanism to release convicted persons of all legal disabilities upon successful completion of community supervision, a trial judge must enter an order releasing the defendant from the legal disabilities; absent such an order, the disabilities are not removed. In Wolf v. State, 917 S.W.2d 270 (1996) the Court reasoned that:

("Section 20 provides a mechanism to release a convicted person of all legal disabilities upon successful completion of probation."); Hoffman v. State, 922 S.W.2d 663, 668 (Tex.App.Waco 1996 pet.ref'd) ("Among the district court's several powers is the authority to dismiss an indictment or information against a convicted felon once he successfully completes the term of his probation.")

Under Tex. law, successful completion of probation allows the judge to dismiss some charges without a final conviction; see Boykin v. State, 818 S.W. 2d 782 (Tex.Crim.App.1991). When the judicial clemency provision is exercised, the conviction is wiped away, the indictment dismissed, and the person is free, released from all penalties and disabilities resulting from the conviction. See Cuellar v. State, 70 S.W.3d 815; Art 42.12 §20(a).

As is clear from Relator's letter, Relator has repeatedly put respondent on notice that Relator seeks the appointment of counsel to assist with the unfavorable discharge of his community supervision and its effect thereof (which violates Section 20(a) of the TCCCP). Since the filing date of his writ of habeas corpus on the 6th day of March , 2008 relator has gone well beyond any requirement or obligation imposed upon him by the Texas Code of Criminal Procedure to prove to the court that:

Relator is actually innocent; that the indictment was fundamentally defective; and the conviction void, because the indictment failed to allege an essential element of the offense; and that the sentence is illegal because it violates TCCP Art. 42.12 Sec. 4(d)(5). See Matter of Wilson, 932 S.W.2d 263,265.

In contrast to Relator's efforts, Respondent has wholly failed to comply with the Texas Code of Criminal Procedure, Article 42.12 Sections 2(3 ); 20(a), is acting in bad faith, and has also failed to afford Relator professional and common courtesy of any written responses to his correspondence and request.

A mandamus is an extraordinary remedy, available only where government officials clearly have failed to perform nondiscretionary duties. See Pittston Coal Group v. Sebben, 488 U.S. 105, 121, 109 S.Ct. 414, 424, 102 L.ED.2d 408 (1988); also Carter v. Seamans, 411 F. 2d 767, 773 (5th Cir. 1969). The legal duty must be set out in the constitution or by statute, see Giddings v. Chandler, 979 F.2d 1004, 1108 (5th Cir.1992) and its performance must be positively commanded and so plainly prescribed as to be free from doubt. Id., at 1108.

Article 42.12 Section 20(a) clearly states that "Before reducing or terminating a period of community supervision or conducting a review under this section, the judge shall notify the attorney representing the state and the defendant ... If the defendant has failed to satisfactorily fulfill the conditions of community supervision, the judge shall advise the defendant in writing of the requirements for satisfactorily fulfilling those conditions. Failure of the Court to act within the time prescribed by law and within a reasonable time from the date on which the request was made shall constitute such findings." Texas Code of Criminal Procedure Article 42.12 Section 20(a). Respondent is in violation of this procedure, ministerial duties, and thus the laws of the State of Texas.

IV

## D. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Relator, respectfully prays for a finding that the Respondent failed to advise him in writing of all requirements necessary to receive a favorable discharge of his community supervision; and by failing to notify him before unfavorably terminating his community supervision; and that relator brought this mandamus in good faith; and has substantially prevailed. Relator prays for an Order directing Respondent to remand this case to the trial court with instructions to Grant an evidentiary hearing, or in the alternative Grant an acquittal based on the new evidence. The hearing should include an appointment of counsel. (Exhibit B).

_____
Ezra Pleasant, #1261021
RELATOR, PRO SE

## INMATE'S DECLARATION

I, Ezra Pleasant, TDCJ #1261021, being presently incarcerated in the Ramsey One Unit 1100 F.M. 655, Rosharon, Brazoria, County, Texas 77583, declare under penalty of perjury that according to my belief the foregoing information and allegations of this application are true and correct.

Signed On: Nov 28, 2015

_____
Ezra Pleasant Pro se

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above application for Writ of Mandamus was served on Respondent by placing a copy in the U.S. Mail addressed to: Ms. Lisa Pacheco, supervisor, Hays County CSCD, on this the 30th day of November, 2015.

_____
Ezra Pleasant, Pro Se
Relator No. 1261021

July 29, 2015

To The Honorable Judge Bruce Boyer
or Presiding 22ND District Court Judge
Hays County Community Supervision & Corrections Dept.
712 S. Stagecoach Trail suite 1326
San Marcos, Texas 78666

RE:    STATE OF TEXAS VS. EZRA PLEASANT, Petitioner
       CAUSE NO. CR-02-333-CT 1, 2, 3
STYLE: Status Inquiry:

Dear Judge Boyer:

This is an inquiry regarding the status of Petitioner's motion for appointment of counsel, filed March 10, 2015, immediately after receiving your notice of an unfavorable discharge, on March 2, 2015, dated February 20, 2015.

The Motion and the reply was made within 30 days of receipt of the ORDER, pursuant to FRAP Rules 3, 4. Since that time Petitioner has not received any information regarding the status of his motion nor does ne know the meaning cf an unfavorable discharge and the effect it will have on his case.

Moreover, if this case has been dismissed or discharged please have the clerk to notify the Huntsville Detainer Section, P. O. Box 99, Huntsville, Texas 77342, in order to have the detainer removed from Petitioner's record. Please send a courtesy copy of this notification to Petitioner at Ramsey One Unit, 1100 FM 655, Rosharon, Texas 77583. Or notify Petitioner as to why the detainer can not be removed.

Thank you for your time and attention in this matter.

Respectfully submitted,

Ezra Pleasant, Pro Se
Ramsey One Unit #1261021
1100 F.M. 655
Rosharon, Texas 77583

Exhibit "A"